# BULLOCK v. STATE.

No. A-11707. Feb. 4, 1953.

(253 P. 2d 197.)

Joe Young, Chandler, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. This is an appeal from a conviction sustained by the defendant, Kenneth Earl Bullock, in the county court of Lincoln county, upon a charge of driving an automobile upon the public highway while under the influence of intoxicating liquor.

Although there is a sharp conflict in the evidence of the state and that of the defendant, there is ample competent evidence to sustain the conviction and the sufficiency of such evidence is not questioned on appeal.

The single proposition presented is that the highway patrolmen who testified for the state made prejudicial statements which placed the character and reputation of the defendant in evidence in the state's case in chief and without the defendant having placed his character and reputation in issue.

The record in regard to this assignment of error is as follows:

W. J. Eddleman testified that he was a highway patrolman and that he, together with another highway patrolman, arrested the defendant on the 25th day of August, 1951. He further testified:

"Q. Did you have any conversation with him? A Very little, just asked him a few questions. We asked him if he had been arrested before. Mr. Young: I object to that as incompetent, irrelevant and immaterial, and prejudicial. Move the court for a mis-trial at this time. The Court: Motion overruled. Mr. Young: Allow us an exception. The Court: Exceptions allowed."

Roy F. McIntosh testified that he was a highway patrolman and on the 25th day of August, 1951, was with Highway Patrolman W. J. Eddleman, when the defendant was arrested, and the record is as follows:

"Q. Did you have any conversation with him at all? A. Yes, I asked him 'Didn't we get you one time before'— Mr. Young: Object to that as incompetent, irrelevant and immaterial, and move for a mis-trial on misconduct of the prosecuting witness. The Court: Objection overruled and motion overruled. Mr. Young: Allow exception. The Court: Exceptions allowed. By Mr. Amis: Q. Go ahead and complete your answer? A. I asked him 'Didn't we get you one time before' and he said, 'C. A. Morris got me'."

In the case of Doser v. State, 88 Okla. Cr. 299, 203 P. 2d 451, 454, this Court stated:

"It is a fundamental principle of criminal law that the character of the defendant cannot be impeached or attacked by the State, unless he puts his character in issue by introducing evidence of good character."

We have often severely criticized peace officers for voluntarily injecting into the trial of one charged with committing a crime voluntary statements which tend to belittle or prejudice the accused in the eyes of the court and jury. In the recent case of Pierce v. State, 96 Okla. Cr. —, 253 P. 2d 194, this court stated:

"The patrolman, having been schooled in courtroom procedure, knew, or should have known, that it was improper to make a voluntary assertion from the witness stand reflecting upon the character of the accused."

The Attorney General conceded that the evidence complained of was improperly admitted, but has directed our attention to the record which discloses that in the opening statement of counsel for defendant, he stated that the defendant had a good reputation and had never been convicted of a crime, except that he had paid a fine for reckless driving. The record further shows that when defendant was testifying in his own behalf, he stated in response to questions on direct examination by his counsel that he had been arrested by the highway patrolmen one Saturday night and charged with reckless driving and had paid a fine of $21.05 in a justice of the peace court . He further explained the circumstances attending his arrest on that occasion and why he pleaded guilty without hiring a lawyer to represent him. We feel that, under the circumstances of this case, the error in the admission of the testimony of the officers above related did not constitute reversible error by reason of the admissions and statements made by the defendant and his counsel which pertained to the same matter concerning which the patrolmen testified. The judgment and sentence of the county court of Lincoln county is affirmed.

POWELL, P. J., and BRETT, J., concur.