Charles **TITSWORTH**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13104.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1962.

Rehearing Denied Jan. 31, 1962.

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., of Oklahoma, for defendant in error.

BUSSEY, Judge.

Plaintiff in error, hereinafter referred to as defendant was charged by information in the district court of McIntosh county with the offense of "Sale of Narcotic Drugs" in violation of 63 O.S. § 402. The case was tried to a jury who found the Defendant guilty and fixed his punishment at 5 years in the state penitentiary at McAlester. Judgment and sentence was pronounced in accordance with the verdict of the jury and the defendant perfected a timely appeal to this court. This appeal was set for oral argument on November 29, 1961, and the case was submitted on the record. Neither the defendant nor the state filed briefs. This court has held many times that where the defendant appeals from a judgment of conviction and no brief in support of the petition in error is submitted and no appearance for oral argument made, this court will examine the record only for fundamental errors. If no fundamental error appears, the judgment will be affirmed.

We have carefully examined the record and are of the opinion that the judgment and sentence should be modified. We deem it only necessary to cite the following portion of the record to illustrate the error committed on the trial of this case which requires such modification.

CROSS EXAMINATION OF ROBERTS

"Q. I asked you how you were dressed?

"A. I believe I had a sport coat on and a loud shirt, and slacks and probably sun glasses.

"Q. Now you have admitted in your testimony that you told Charlie that this buddy of yours needed a shot? Is that right?

"A. I told Mr. Titsworth that I couldn't go on the bank burglary that he set up with me because I didn't have my partner.

"Mr. Page: Now if Your Honor please I ask for a mistrial.

"Court: Denied."

It will be observed that the defendant was charged with the sale of narcotic drugs and that the answer given by witness Rob-

erts was not responsive to the question asked by counsel for defense and related to plans for a bank burglary not germane to the issue for which the defendant was being tried. The law is well established that experienced police officers should not, while on the witness stand, make voluntary statements prejudicial to the rights of the defendant on trial. Tucker v. State, 89 Okl. Cr. 30, 204 P.2d 540; Bullock v. State, 96 Okl.Cr. 292, 253 P.2d 197.

We do not believe that the court should sanction the conduct of officer Roberts. He is an experienced police officer and thoroughly familiar with the rules of evidence. It is the opinion of this writer that the witness' response was made solely for the purpose of relating the planning of a crime not germane to the issues of the case and that it was calculated to prejudice the jury against the defendant. It is evident that the volunteer statement of this witness achieved its desired effect. It is likewise evident that this error could not be corrected by the trial court's instruction to the jury to "disregard the last statement of the witness and not consider it." Officers of the law should remember that it is not only their duty to detect and apprehend criminals, but also their solemn responsibility to refrain from volunteering improper testimony calculated to prejudice the jury against an accused.

In a close case this error would require a reversal, but in cases where the record overwhelmingly supports the guilt of the accused as in the instant case, and it is evident that if the same facts were presented to a jury upon a new trial of the cause they would arrive at the same verdict this error will be treated as a basis for a modification of the sentence. We therefore hold that under authority of 22 O.S. § 1066, the interests of justice would best be served by a modification of the sentence imposed from a term of 5 years imprisonment in the state Penitentiary to a term of 3 years imprisonment in the state Penitentiary and as modified herein, the judgment and sentence is affirmed

BRETT, J., concurs.

NIX, P. J., not participating.