Linda Francine KUTIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–14019.

Court of Criminal Appeals of Oklahoma.

July 26, 1967.

Jack L. Spivey, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Linda Francine Kutin, hereinafter referred to as defendant, was convicted in the Court of Common Pleas of Oklahoma County, Oklahoma, for the crime of Petit Larceny and from a judgment and sentence fixing her punishment at Fifteen (15) days in the county jail, she appeals.

Substantially the facts introduced by the State establish that Bob R. Wages was an employee of Morin's I.G.A. located at Northwest 23rd and Harvey, Oklahoma City, Oklahoma, on the 14th day of February, 1966, and while so employed, observed the defendant enter the store, remove merchandise from the counters, place it in her purse, and leave the premises without paying. This witness testified that he followed the defendant to a parking lot where, upon being questioned about the merchandise, she removed articles of merchandise from her purse and gave them to the witness. The defendant was then taken to the store and after several unsuccessful attempts to escape, was turned over to Oklahoma City police officers who had been summoned to the scene.

The defendant, testifying in her own behalf, admitted going to the store, testified that she did not remember what occurred inside the store, but that when she found the merchandise in her purse she offered to pay for the same. From the above recital of the facts it is clear that the verdict of

the jury was amply supported by the over-whelming weight of the evidence and without more, the judgment and sentence imposed and entered in the case should be allowed to stand; however, in the instant case, as in many cases that come before this Court, the officers were not satisfied with presenting competent evidence of the defendant's guilt, but resorted to a practice all too prevalent, the injection into the case of evidence of a former arrest (for which no conviction was had), and a purported confession admitting not only the larceny here involved, but the commission of other crimes. Officer B. C. LeMay testified on the trial as follows:

"A. She stated to me that she had shoplifted before but had never been caught. She admitted taking the canned stuff and that she had previously been arrested."

This type of testimony can only serve in a close case to snatch defeat from the jaws of victory, for, in a close case, it will result in a reversal and the costly expense of a new trial to the public. Such testimony neither serves the orderly administration of justice nor the public wield, for in many instances convictions which ordinarily could have been affirmed, absent the injection of such incompetent evidence, are reversed and the memory of the material witnesses often becomes so clouded with the passage of time that it is impossible to successfully prosecute the guilty.

In the instant case the evidence of the defendant's guilt is so overwhelming that we feel the ends of justice will best be served by a modification of the judgment and sentence from a term of Fifteen (15) days in the county jail and costs, to a term of One (1) day in the county jail and costs, and as so modified the judgment and sentence appealed from is affirmed.

For the protection of storekeepers and retail merchants who are the victims of the ever-increasing rise of shoplifting, officers of the law should be properly instructed as to what is, and what is not, competent evidence and be forbidden by their superiors from injecting incompetent and prejudicial testimony into evidence which results in reversals of convictions and defeats the ends of justice. For a detailed discussion of this question see Riddle v. State, Okl.Cr., 373 P.2d 832.

Judgment and sentence modified from a term of Fifteen (15) days in the county jail and costs to a term of One (1) day in the county jail and costs, and as so modified, the judgment and sentence is affirmed.