Robert James GORDON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14746.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Don Anderson, Public Defender, for
plaintiff in error.

G. T. Blankenship, Atty. Gen., for de-
fendant in error.

BUSSEY, Judge.

Robert James Gordon, hereinafter re-
ferred to as defendant, was charged in the
District Court of Oklahoma County with
the offense of Burglary in the Second De-
gree After Former Conviction of a Felony,
and from the judgment and sentence ren-
dered against him in accordance with the
verdict of the jury, assessing his punish-
ment at five years imprisonment in the
State Penitentiary, he appeals.

Briefly stated, the facts adduced on the
trial are that about 6:00 a. m. on the morn-
ing of May 2, 1967, Mr. Henry Lee Rivers,
who resided on North Rhode Island
Street, Oklahoma City, Oklahoma, left his
home for his place of employment and at
the time of leaving, had secured the glass
sliding door leading onto his patio, by
locking it with a metal chain inside the
house. On that afternoon he received a
call from his son, left his place of employ-
ment, returned to his home, where he dis-
covered that his house had been burglar-

ized; the burglar having gained admission by prying open the sliding glass door leading onto the patio. The chain which secured this door was broken. An examination of the premises revealed that a .410 gauge shotgun and a .38 caliber automatic pistol were missing from the premises. The Police Department was notified and the lab technicians discovered latent prints on the inside of the glass door. These prints were "lifted" from the glass door, processed by the fingerprint expert, and were found to be identical with those of defendant. A radiogram was issued for the arrest of defendant and two officers proceeded to the residence where he was thought to reside. Upon arriving at the premises they inquired for Robert James Gordon, but the defendant stated that he was not there. He identified himself as one Arthur Harmon, and after having been requested by the officers to search the premises for Robert Gordon, he admitted them. A search of the premises did not reveal any other male inhabitant, and when the defendant was unable to produce identification, he was placed under arrest and advised of his constitutional rights. He then admitted that his name was Robert Gordon. The defendant was not questioned further at this point, but was taken to the police station, where he was advised by Officers Kerlick and Phelps of his constitutional rights. The officers advised him:

"The right to remain silent, he didn't have to talk to us, but he had a right to have an attorney, that anything he stated to us would be used against him in a court of law, and if he didn't have the money to hire him an attorney, the State would appoint one for him." (CM 88)

This testimony was admitted over the objection of defense counsel.

After so advising the defendant, he was asked if he understood his rights and he replied that he did.

The defendant, who had previously dated Mr. Rivers' daughter and had visited in their home frequently, stated that he had burglarized the home because he was mad at Rivers. He further stated to the officers that he had taken two guns from the home and that he had sold them to a filling station attendant by the name of White who worked at a service station located at 35th and North Lincoln, Oklahoma City, Oklahoma. The defendant accompanied the officers to that address where Mr. White acknowledged that he had purchased the weapons from the defendant for the sum of $40.00 around noon on May 2, 1967. White turned the weapons over to the police officers and they were admitted into evidence at the trial after having been identified by their owner, Mr. Rivers.

The defendant offered no evidence in his behalf and rested, and thereafter the jury retired to deliberate in the first portion of the two-stage proceeding, and returned a verdict of guilty. Thereafter, by agreement of the parties, the prior conviction was stipulated to, and they again retired to deliberate under proper instructions, and returned a verdict finding the defendant guilty of Burglary in the Second Degree After Former Conviction of a Felony, and fixed his punishment at five years imprisonment.

In the trial court the defendant was represented by counsel of his own choice who gave notice of intent to appeal and request for case made at public expense, and who was allowed to withdraw from the case; whereupon the court appointed the Public Defender to perfect this appeal.

The single assignment of error urged on appeal is that the trial court erred in admitting the testimony of Officers Kerlick and Phelps relating to the confession made to them by the defendant. Counsel for the defendant urges that the admonition given him as set forth above was not sufficient to comply with the rule laid down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. With this we cannot agree. The officers thoroughly advised the defendant of his rights prior to questioning him and he acknowledged that he understood these rights. There is not one scintilla of evidence in the record tending

in any way to establish that the confession was not freely and voluntarily given. It otherwise appearing that proof of defendant's guilt was amply supported by the evidence, that he was ably represented and that the court carefully and meticulously instructed the jury relative to the law, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.