David Miller & John C. Monk, Jr., Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

Patricia Ann SANDERSFIELD,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14637.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1969.

MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Patricia Ann Sandersfield hereinafter referred to as the defendant, was charged by information in the Court of Common Pleas of Oklahoma County with the crime of Assault Upon a Police Officer. She was tried by a jury, found guilty, and her punishment assessed at 30 days in the county jail, and a fine of $200.00. From that judgment and sentence she has appealed to this Court.

From the record, it appears that the defendant was being booked into the Oklahoma City Jail when she grabbed a police matron by the hair and refused to let go, until several male officers forced her to release her hold.

This Court need not go into the sufficiency of the evidence, as *AGAIN,* this conviction has been nullified, and the State of Oklahoma put to the unnecessary expense of another trial by the unsolicited, prejudicial statement of an experienced police officer—in this instance, Oklahoma City Police Officer Jerry Charles Pendry.

This Court has repeatedly and consistently condemned and chastised the practice of an experienced police officer injecting an "evidentiary harpoon" into a trial—which could have otherwise been affirmed—and requiring this Court to waste

its time in reviewing such a case, and the State of Oklahoma in having to try the case again.

At page 26 of the casemade, the assistant district attorney was examining Officer Pendry, as follows:

"Q. Tell the ladies and gentlemen of the jury at this time, *what, if anything occurred* there on the third floor in regard to the defendant, *what you observed* while she was there.

A. Well, the arresting officers brought the defendant in, they had her handcuffed. *She had been placed under arrest I think for a murder charge* . . .

MR. YON: Your Honor, may I approach the bench?

THE COURT: Yes, sir.

MR. YON: (Out of the hearing of the jury) The defendant moves for a mistrial.

THE COURT: It will be overruled and allow exceptions."

Officer Pendry had been asked *what occurred* and *what he observed.* Any beginning patrolman knows better that to inject even a hint of a *murder* charge into a case, particularly a misdemeanor case. For a so-called "veteran" officer to do this can only be deliberate and calculated for the purpose of prejudicing the jury.

■ In Kutin v. State, Okl.Cr. 430 P.2d 848, wherein another Oklahoma City Police Officer, B. C. LeMay, was guilty of the same tactics, Judge Bussey stated:

*"This type of testimony can only serve in a close case to snatch defeat from the jaws of victory, for, in a close case, it will result in a reversal and the costly expense of a new trial to the public.* Such testimony neither serves the administration of justice nor the public wield, for in many instances convictions which ordinarily could have been affirmed, absent the injection of such incompetent evidence, are reversed and the memory of the material witnesses often becomes so clouded with the passage of time that it is impossible to successfully prosecute the guilty."

And, further:

" * * * officers of the law should be properly instructed as to what is, and what is not, competent evidence and be forbidden by their superiors from injecting incompetent and prejudicial testimony into evidence which results in reversals of convictions and defeats the ends of justice."

This Court will herein repeat again the well-established law regarding this type of conduct:

"Experienced police officers should not, while on the witness stand, make voluntary statements prejudicial to the rights of the defendant on trial."

See, Tucker v. State, 89 Okl.Cr. 30, 204 P. 2d 540; Bullock v. State, 96 Okl.Cr. 292, 253 P.2d 197; Riddle v. State, Okl.Cr., 373 P.2d 832; and, Broome v. State, Okl.Cr., 440 P.2d 761.

■ In the instant case, the "evidentiary harpoon" of Officer Pendry referred merely to an arrest, not a charge or conviction; which, in fact, defendant had pled guilty to the misdemeanor charge of Aggravated Assault and Battery, and been sentenced some six months before the instant case came on for trial.

The trial court should have sustained the Motion for Mistrial made by defense counsel, and discharged the jury so that the charge could have been refiled at that time.

The eagerness of Officer Pendry to convict the defendant has proved costly to the State.

Therefore, it is the order of this Court that this cause be remanded back to the trial court for a new trial in accordance with this decision.

Reversed and remanded.

BRETT, P. J., and BUSSEY, J., concur.