Lindsey DRAPER, a/k/a Larraye Biggs Rowe, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16163.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1971.

Rehearing Denied Oct. 21, 1971.

Andrew T. Dalton, Jr., Appellate Public Defendant, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Paul Crowe, Oklahoma City Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Lindsey Draper, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County for the offense of Uttering a Forged Instrument, After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Jimmie Naifeh testified that he operated a grocery store in Tulsa, Oklahoma. He testified that on January 15, 1970, he sold a money order in the amount of $1.50, to an unknown Negro person. He identified State's Exhibits One and Two as being the original duplicate of that money order.

Jim Bredenger testified that he was an officer at the National Bank of Tulsa, and that on January 16, 1970, the defendant presented a money order, State's Exhibit Two, to the bank to be cashed in part, and to be deposited in part. He related that the money order in question was presented to him by the teller for his okay and after having examined it, he determined that it had been altered. State's Exhibit Two was presented to the bank in the amount of One Hundred and Forty-One Dollars and Fifty Cents ($141.50).

The witness further testified that the defendant had an account under the name of Larraye Biggs Rowe. He indicated that prior transactions had been made in that

account by depositing certain money orders. He indicated that the money orders were negotiated by depositing a portion of the amount and retaining a portion in cash. He further indicated that the previous money orders were determined, as a result of his investigation, to be altered. Officer Berry Crawford testified that he was called to the National Bank of Tulsa concerning an investigation, that he placed the defendant under arrest for forgery and advised him of his constitutional rights. Officer Harry Ekiss testified outside the presence of the jury concerning the defendant's Motion to Suppress. He testified in substance that he questioned the defendant at the Tulsa Police Station, together with Sergeant Pilkington, also a Tulsa police officer, and he described the clothing worn by the defendant. He indicated that the defendant also had a hat in his hand. At the conclusion of the interview, as he was about to take the defendant back to the jail area, he recalled that there was a teletype alert that money orders had been taken out of Louisiana. He asked defendant, "Let me see your hat," and the defendant handed the hat to the officer. He looked inside the hat and observed two money orders, State's Exhibits Four and Five. After cross-examination of the officer the court ruled that the search did not violate the prohibition against unreasonable search and seizure. The jury was recalled, and Sergeant Pilkington testified that after advising defendant of his rights at the Tulsa Police Station, defendant stated that he obtained State's Exhibit Two in a pool game. Upon the discovery of the two additional money orders, and the additional interview, the defendant related the same story, in that he obtained those money orders at the pool game.

Officer Ekiss testified substantially to the facts as related in the Evidentiary Hearing. On cross-examination, witness Ekiss testified that it was apparent that the two money orders found in the hat appeared to be altered. He testified that the alteration on both money orders was obvious.

█ The sole proposition asserts that the trial court erred in allowing the testimony of the police officers concerning the alleged money orders, Exhibits Four and Five, to go before the jury for the reason that the evidence failed to substantiate that exhibits were, in fact, forged, altered, or stolen, thereby bringing it within any of the exceptions to the rule regarding the admission of evidence concerning separate and distinct offenses. The general rule is that when a defendant is put on trial for one offense, he is to be convicted, if at all, by evidence which shows he is guilty of that offense alone, and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial, is inadmissible. In Moulton v. State, Okl.Cr., 476 P.2d 366, we recently stated:

> "However, evidence of separate and similar offenses is admissible when it is material and proper to show (1) motive, (2) intent, (3) absence of mistake or accident, (4) identity of person charged with the commission of the crime for which an accused in [sic] put on trial, and (5) common scheme or plan embracing the two or more crimes so related to each other that proof of one tends to establish the other."

█ We are of the opinion that the possession of the money orders was evidence tending to establish a common scheme and plan. Defense counsel, on cross-examination of the witness Ekiss, established the fact that the money orders were altered to such an extent that an ordinary man would be aware of their change in character. It is only logical to conclude the defendant must have had possession before he could have been found guilty of uttering a forged instrument. And, if he has possession after the issuance of such forged instrument, then this possession becomes a part of the common scheme, plan, and design of the offense for which he stands charged. Defendant further contends under this proposition that the facts in this case at bar are so similar to those in Sandersfield v. State, Okl.Cr., 461 P.2d 1019, as

to invoke the "evidentiary harpoon" theory. The defendant does not call attention to the specific statements to which he objects. We have examined the Record and find no statements by police officers, or other witnesses, which can be shown to be unreasonable, calculated to inflame the jury, or in any manner to prejudice the rights of the defendant. The Record is free of any error which would require reversal or justify modification; the judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.