**Gene Leroy HART, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15859.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1971.

An appeal from the District Court of Tulsa County; Robert D. Simms, Judge.

Gene Leroy Hart was convicted by a jury for the crime of Second Degree Burglary, After Former Conviction of a Felony, sentenced to fifty (50) years imprisonment, and appeals. Judgment and sentence affirmed.

Curtis A. Parks, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

### OPINION

BRETT, Judge:

Plaintiff in Error, Gene Leroy Hart, hereinafter referred to as defendant, was convicted of First Degree Burglary, After Former Conviction of a Felony, in the District Court of Tulsa County, Case No. CRF–69–856, in a two-stage jury trial with punishment fixed at fifty (50) years imprisonment. Judgment and sentence in accord with the jury verdict was imposed on February 2, 1970, and this appeal perfected therefrom.

Specifically, defendant was charged with having forcibly broken into the apartment of Ronnie Lee Furrh with the intent to commit crime of larceny while Mr. and Mrs. Furrh were present on June 1, 1969, in Tulsa, Oklahoma.

Defendant does not question the sufficiency of the evidence presented at his trial and has not included a complete transcript of the trial for review. Accordingly a summary of the testimony is not necessary. Rather defendant contends the trial court committed error in overruling the motion to suppress evidence of a confession, and in overruling the motion to suppress evidence of an automobile search; and finally that it was error to deny a mistrial after a witness implied defendant was involved in another burglary.

Defendant's motion to suppress was heard and overruled by Judge Fred S. Nelson on July 18, 1968. Again defendant's motion to suppress was heard and overruled by Judge Robert D. Simms on January 20, 1970, at the time of defendant's trial. The evidence from these hearings indicates defendant was arrested for prowling in a Tulsa apartment complex on June 7, 1969. According to the arresting officer defendant was advised of his constitutional rights per Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Thereafter defendant was questioned at the city jail after again being advised of his rights. Defendant contacted an attorney, but absent counsel admitted several burglaries to the officers and told them where his car was located giving permission for a search thereof. Defendant denied confessing or consenting to a search of his car.

Under this evidence we find no violation of Miranda v. Arizona, supra. In Gordon v. State, Okl.Cr., 453 P.2d 321, this Court held:

"Where it affirmatively appears that prior to interrogation a prisoner is advised of his right to counsel, his right to remain silent and that any statement he may make may be used in evidence against him, and that if he is an indigent person counsel will be appointed for him by the State, and he thereafter acknowledges that he understands his rights, and there is no circumstance or evidence offered from which it might be implied that the defendant's confession thereafter was involuntary, the requirements of Miranda have been complied with and such confession may be introduced for the jury's consideration."

Although it certainly may question the voluntary nature of an incriminating state-

ment, the fact that counsel was not present at the time the statement was given does not, by that fact alone, make it involuntary. Lewis v. State of Oklahoma, 304 F. Supp. 116 (D.C.1969).

We have previously considered this issue under the same facts in defendant's conviction for another burglary based on the same confession and car search. Hart v. State, Okl.Cr., 488 P.2d 1335 (1971). In that case we concluded the trial court's ruling on the motion to suppress should be sustained where there is conflicting testimony as to the facts and there is competent evidence in the record to sustain the court's findings citing Dawson v. State, 83 Okl.Cr. 263, 175 P.2d 368. We are again of the opinion the ruling of the trial court was supported by the evidence and conclude there is no merit to defendant's attack on the admissibility of the confession and evidence of the car search.

█ Defendant claims it was error for the court not to grant a mistrial because of the remark of a testifying police officer which might indicate other burglaries. We emphatically adhere to the rule that police officers should not, while on the witness stand, make voluntary statements prejudiced to the right of the defendant on trial. Kutin v. State, Okl.Cr., 430 P.2d 848. When a testifying officer volunteers prejudicial information indicating other crimes, such an "evidentiary harpoon" will require reversal. Sandersfield v. State, Okl.Cr., 461 P.2d 1019.

█ The remark of the police officer which defendant claims is prejudicial occurred when the prosecutor asked about the officer's further conversation with the defendant. The officer remarked: "In regards to this burglary at that time—is that your question?"

We are of the opinion this remark did not indicate or unduly imply defendant was involved in other burglaries or other crimes for which he was not on trial. Neither this remark alone, nor when read in the context of the other testimony, should have created the impression in the

jurors' minds that there were other burglaries by the defendant. We find the remark was not unduly prejudicial.

Having considered defendant's assignments of error and finding them to be without merit, we conclude the judgment and sentence should be and the same is hereby affirmed.

BUSSEY, P. J., concurs.