**Michael James EBERHARDT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–67.**

Court of Criminal Appeals of Oklahoma.

July 11, 1980.

Leslie R. Earl, Jr., Public Defender, Tulsa County, Johnie O'Neal, Legal Intern, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

On appeal from a judgment and sentence rendered against him in the District Court

of Tulsa County, Case No. CRF–78–2374, for the offense of Unlawful Possession of Marihuana, Second Offense, 63 O.S.1971, § 2–402, the appellant, Michael James Eberhardt, contends that the warrantless seizure of the marihuana underlying the charge was a violation of the Fourth and Fourteenth Amendments to the United States Constitution and Art. II, § 30, of the Oklahoma Constitution. We disagree.

After arresting the appellant at a convenience store for public drunk, Officer O'Dell of the Tulsa Police Department accompanied the appellant to the appellant's automobile, which was parked in the store parking lot, to allow the appellant to turn off the engine. It was at that time that the officer observed an open bottle of rum and a plastic bag of marihuana inside the vehicle. After the appellant was placed inside a police cruiser, the officer returned to the appellant's vehicle and seized the liquor and marihuana.

The appellant relies on *Blackburn v. State*, Okl.Cr., 575 P.2d 638 (1978), which we do not deem to be in point since that case involved a search of a private residence. In the instant case, the officer was in a place where he had a right to be when he observed the bottle of liquor and bag of marihuana, in plain view. It would be foolish indeed to require him to leave the automobile unattended in the parking lot, go before a magistrate and file an affidavit for a search warrant, and then return with the warrant, hoping that some passer-by had not disturbed the car and contents in the interim. See *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed.2d 543 (1924), for a discussion of search and seizure in the context of automobiles.

We are of the opinion that the seizure here was not unreasonable in view of all the circumstances of this case and, for that reason, the judgment and sentence should be and is, hereby, *AFFIRMED*.

BRETT, J., concurs.

CORNISH, P. J., concurs in results.