Ronald W. **PRINCE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–80–520.

Court of Criminal Appeals of Oklahoma.

July 1, 1982.

Gregory R. Stidham, Hayes & Stidham, Checotah, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant was charged with Unlawful Possession of Marijuana With Intent to Distribute, in violation of 63 O.S.1981, § 2–401(B)(2), in the District Court of McIntosh County, Case No. F–79–80. The jury found him guilty of the lesser offense of Unlawful Possession of Marijuana and punishment was set at nine (9) months in the county jail.

On the evening of June 22, 1979, Officers Frazier and Hamm, of the Checotah Police Department, stopped the appellant for two reasons: they recognized him and knew that he was driving under a "DUI suspension"; and they saw him drink from a bottle, which he removed from sight when he saw the officers. When Officer Frazier noticed an open beer bottle on the floorboard of the appellant's vehicle, he led him to the patrol car and told Officer Hamm to obtain the evidence. Hamm also retrieved a brown sack, which he testified was in plain view, from the console between the bucket seats. He had observed a glassine bag inside the crumpled sack, which contained a grassy substance he believed to be marijuana. Three assignments of error are raised on appeal.

■ The first argument is that the verdict is not sustained by the law or the evidence. The appellant concludes that since there was no evidence of distribution or sale and since the court instructed on the crime of possession with the intent to distribute, the jurors were unduly influenced. However, this Court does not need to rule on the sufficiency of the evidence to support the crime of distribution because the jury found the appellant guilty of the lesser simple possession charge, which the record certainly supports. Furthermore, no prejudice is apparent from the jury's assessment of a sentence well within the limits of the statute.

The second assignment of error concerns the admission of evidence obtained through an allegedly illegal search of the vehicle the appellant was driving at the time of the arrest. The evidence challenged was the subject of a motion to suppress on which the trial court held an in-camera hearing. At that hearing, Officer Hamm testified that when the appellant exited his vehicle, at the directive of Officer Frazier, Officer Hamm remained to pick up the bottle of beer from the floorboard and he saw the marijuana. He testified as follows:

> I was standing there and I could see a paper sack tore [sic] down the middle setting [sic] like on a running board behind the seat; it was in plain view and you could see that bag of marijuana sticking up out of it.

■ The record sufficiently supports the court's finding that the incriminating evidence was in plain view and that it was an inadvertent discovery made under exigent circumstances. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Blackburn v. State*, 575 P.2d 638 (Okl.Cr.1978), where the evidence was not properly seized under the plain view doctrine. The evidence was inadvertently discovered by the officer who had a lawful right to be there, as he reached into the vehicle for the beer bottle following the appellant's arrest. The fact that the arrest was made for a traffic violation on a public road is of sufficient exigency to justify the seizure of the contraband in plain view of one of the two arresting officers. See *Eberhardt v. State*, 614 P.2d 78 (Okl.Cr. 1980).

■ In his third proposition the appellant alleges that inflammatory remarks by Officer Hamm prejudiced the jury and that a mistrial should have been granted. The inquiry of Officer Hamm by the prosecutor concerned custom and usage of containers:

Q: Have you ever heard of them using baggies?

A. Yes, sir.

Q: Now, do you know what that amount of quantity is called?

A: No, sir, I do not.

Q: What is the normal amount you usually get?

A: You usually get when you get it off a youngster you get _ _ _

It is first noted that the defense attorney did not object nor did he request a mistrial. See *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980). The trial judge, the Honorable John D. Boydston, recognized the danger of the responses by Officer Hamm and stated, during the in-camera hearing, the following:

Court [to the District Attorney]: Then I want you to take that witness back in the library and you tell him if he says one more time about getting stuff off kids I am going to declare a mistrial; there is no sense in that kind of harpooning—defense counsel let it go by and I know why, because that is the kind of stuff you cannot cure, but I am not going to let it go by; that is not part of this case . . . now, I assume from this officer's lack of experience that he doesn't know this.

Although this Court recognizes that this line of questioning is characteristic of an evidentiary harpoon, *Bruner v. State*, supra, Judge Boydston called a recess and held an in-camera hearing, at his own initiation, to prevent further improper inquiry by the prosecutor or additional harpoons by the officer. Those statements made before the jury were rather innocuous in view of overwhelming evidence. *Sandersfield v. State*, 461 P.2d 1019 (Okl.Cr.1969), is distinguishable. In *Sandersfield*, a conviction for a misdemeanor assault was reversed when an experienced police officer injected evidence of the defendant's arrest for murder.

The result of any error attached to this harpoon was harmless and it must be concluded that the jury did not base its decision on Officer Hamm's remark. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979).

The judgment and sentence appealed from is affirmed.

BUSSEY, J., specially concurring.

CORNISH, J., concurs.

BUSSEY, Judge, specially concurring:

I agree that the judgment and sentence should be affirmed, and wish only to add that Officer Hamm was in a place where he had a lawful right to be when he observed the contraband marijuana in plain view. He had not only a right, but a duty, to seize the contraband, irrespective of any exigent circumstances.