Charles Lee LOUGIN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–85–631.

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1988.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Charles Lee Lougin, was convicted in the District Court of Tulsa County, Case No. CRF–84–3170, of Larceny From the House, Assault With Intent to Commit a Felony, and Burglary in the First Degree, for which he received sentences of one year, one year, and seven years of imprisonment, respectively, to run concurrently. He appeals raising two assignments of error.

In the early morning hours of July 27, 1984, two men broke into C.F.'s apartment in Tulsa. She was alone with her three children who were five years, three years, and twenty-two months of age. At about 4:45 a.m., she was awakened by the crying of her youngest son, who was in the room with her, and found a man standing over her. He threatened to hurt her child if she did not cooperate, and then he raped her. A second man entered her bedroom, and when the first man got off her he said to the second, "Come on Charles." The second man attempted to have intercourse with her, but was unable to achieve an erection. She noticed the second man was wearing surgical gloves and had a rag tied around his head that hung down over the back of his neck. Although it was still dark inside, the victim had two occasions to view the second man's face, and recognized him as her next door neighbor's friend, whom she had seen the day before, leaning on her apartment building, wearing the rag on his head. The two fled with her keys after she tricked them into believing her mother was arriving. She positively identified him as the appellant.

After she had reported the matter to the police, giving them a description of the assailant she recognized, the appellant came to her apartment. Her parents were present and he stated that he heard he had been accused of breaking into her house. She testified that he was wearing the same rag on his head as she had seen earlier. She told him she did not say that he was the one who broke in. He then denied that he had broken in and raped her. When her mother stated in his presence that he was the person her daughter had described, he stated that he also heard that the person in her bedroom was supposed to have said "Come on Charles," and inquired if that person might have said "Come on Bob or John." The victim testified that she had never told anyone those words because she could not remember precisely what was said, but at that moment she recognized that was exactly what was said. Again denying his guilt, the appellant gave her his address.

The appellant testified that he had spent the whole evening at his grandmother's apartment, which was not very far away from the victim's apartment.

■ The appellant first alleges that certain questions asked by the prosecutor during voir dire were improper, and prejudiced the jury. Of the five objections defense counsel made, two were sustained, and in one instance the jury was admonished. The judge's admonition normally cures any error created by the question unless it is of such a nature after considering the evidence, that the error appears to have determined the verdict. *Kirk v. State*, 561 P.2d 134 (Okl.Cr.1977). We must note that the only portion of voir dire which is preserved in the record is that part to which defense counsel objected. We have frequently held that the appellant has the duty to see that the record filed is complete. *Hanna v. State*, 560 P.2d 985 (Okl.Cr.1977). We will not review prosecutor's comments out of context because on occasion remarks appearing to be erroneous are not reversible because they are invited. *Boomershine v.*

*State,* 634 P.2d 1318 (Okl.Cr.1981). At least one question asked was initially overruled by the judge who indicated that the question was either invited, or the objection was not timely: "Well, I thought basically both parties had talked about that subject for several minutes, objection will be overruled." This assignment of error is without merit.

In his second assignment of error, the appellant argues that he was prejudiced when the trial court admitted certain hearsay statements which bolstered the in-court identification of the appellant by the victim. These objections can be divided. First, the appellant complains about conversations between the victim and her mother which were admitted into evidence. A review of the context reveals that the trial court sustained hearsay objections which were made with one exception. The court did not sustain objections when the conversations tended to establish the circumstances surrounding an admission by the appellant, made to the victim and her mother. The victim testified that during the commission of the crimes, the appellant's accomplice said, "Come on Charles." When the appellant came to the victim's house on the same day after the break-in to assert his innocence, he argued with the victim and her mother that her assailant could have said "Come on Bob," or "Come on John," instead of "Come on Charles." The victim testified that she had been unable to recall the exact words until then. Such evidence would tend to establish that the appellant could not have known the exact words unless he had been there. When he made his statement the victim reacted by immediately telling her mother that she remembered that was exactly what was said. The State correctly asserts that the appellant's statement appears to be innocuous unless it is placed in the proper context. Where statements are not offered for the truth of the matter asserted by the declarant, but because they tend to establish the circumstances surrounding an oral admission by a defendant, they do not constitute hearsay. *Wells v. State,* 559 P.2d 445 (Okl.Cr.1977).

Second, the appellant complains that a police officer was allowed to testify concerning the victim's out-of-court identification of the appellant at a park near her residence. Where a defendant has been positively identified by an eyewitness, and there is sufficient evidence to justify the defendant's conviction, testimony of a third party concerning an extrajudicial identification is not reversible error. *Godwin v. State,* 625 P.2d 1262 (Okl.Cr.1981). And because the appellant also testified concerning the victim's extrajudicial identification of him, he will not be heard to complain of evidence that he has also presented to the jury. *Bullock v. State,* 96 Okl.Cr. 292, 253 P.2d 197 (1953). Accordingly, this assignment of error is meritless. The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurring.

PARKS, Judge, specially concurring:

I write separately to discuss appellant's first assignment of error in which he contends that the victim's mother and Officer Dunlap were improperly allowed to bolster the victim's identification testimony over the objection of defense counsel. "[A]lthough an eyewitness [to a crime] can testify at trial to an extra-judicial identification, this can only be done by that witness, not by an officer or any other third party who was present at the time the extra-judicial identification was made." *Godwin v. State,* 625 P.2d 1262, 1265 (Okl. Cr.1981). In the instant case, the victim's mother and Officer Dunlap were allowed to testify over objection that the victim had identified the appellant out of court. This was clearly improper as third party testimony concerning the victim's extrajudicial identification of the appellant insofar as neither were eyewitnesses to the crime. *See Jones v. State,* 695 P.2d 13, 17 (Okl.Cr. 1985); *Brownfield v. State,* 668 P.2d 1165, 1168 (Okl.Cr.1983); *Maple v. State,* 662 P.2d 315, 316 (Okl.Cr.1983); *Mintz v. State,* 593 P.2d 1093, 1095 (Okl.Cr.1979); *Washington v. State,* 568 P.2d 301, 311 (Okl.Cr. 1977).

On the basis of the foregoing authority, the admission of the third party testimony concerning the extrajudicial identification was clearly improper and should not have been admitted. I can conceive of no purpose for the admission of such hearsay testimony except to bolster the victim's identification. On this record, however, there was sufficient evidence apart from the improper testimony to sustain the jury's verdict, and I therefore concur in the affirmance of the judgment. Insofar as the appellant received the minimum sentence on all counts, the error did not influence the sentence imposed. Accordingly, I concur.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

