IN THE SUPREME COURT OF THE STATE OF NEVADA

XIAO YE BAI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79841

FILED

OCT 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Appellant Xiao Ye Bai argues that he received ineffective assistance of trial and appellate counsel. The district court denied the petition without holding an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690.

20-37947

The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Bai first argues that trial counsel should have investigated and presented a mental health defense at the guilt stage. He argues that investigation would show that he suffered head trauma from childhood beatings. Counsel, however, was aware of these issues and informed the trial court that they were not part of the defense strategy at guilt phase of the trial. Tactical decisions, such as what defenses to develop, witnesses to call, or objections to raise, rest with counsel. *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002). Those decisions are virtually unchallengeable absent extraordinary circumstances, *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996), which Bai has not shown, particularly as the defense's expert explained at the penalty phase that Bai's brain injury would not impair his ability to form the intent necessary for first-degree murder. The district court therefore did not err in denying this claim without an evidentiary hearing.

Bai next argues that trial counsel should have investigated his father and secured his attendance at trial. He argues that his father could have testified during the guilt phase about his childhood abuse, brain injury, and a debt the victim owed to his father. Bai, however, concedes that trial counsel requested a continuance and sought funding to procure his father's appearance and that his father had refused to cooperate with counsel's efforts. Bai merely speculates that counsel should have undertaken other unspecified actions in this regard and thus does not show that counsel's performance was objectively unreasonable. Further, as another witness testified that Bai's father loaned the victim the money and

counsel made a strategic decision not to focus the defense theory of the case on Bai's childhood abuse and brain injury, Bai has not shown prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Bai next argues that trial counsel should have properly noticed the defense expert who would testify regarding the fight or flight response. Bai correctly observes that counsel performed deficiently in failing to provide adequate notice of the subject matter of the expert's anticipated testimony. Bai has not, however, shown prejudice.

Proffering a fight or flight defense would not have led to a reasonable probability of a different outcome, where Bai initiated the encounter and approached the victim with a knife mere days after kidnapping and beating the victim and demanding repayment of a debt. Further, as counsel explained that they made a strategic decision not to have the expert meet with Bai in order to avoid opening the door to other highly prejudicial evidence, the expert would only be able to discuss the fight or flight response in general terms, such that omission of this testimony does not undermine our confidence in the jury's verdict. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). The district court therefore did not err in denying this claim without an evidentiary hearing.

Bai next argues that trial and appellate counsel should have challenged Detective Yu's "exciting" summary of the case. Bai fails to show that either trial or appellate counsel's performance was deficient or that he was prejudiced by their performance, as it is the law of the case that Yu's testimony was relevant and not unfairly prejudicial, *Bai v. State*, Docket No. 62907 (Order of Affirmance, September 28, 2015); *see Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975), and the authorities Bai proffers do

Supreme Court
OF
Nevada

(O) 1947A

3

not suggest an entitlement to relief. Bai's reliance on *Abram v. State* is misplaced because that case involved an officer's "highly prejudicial" testimony regarding inadmissible character evidence that was not relevant to the State's theory of the case, 95 Nev. 352, 355, 594 P.2d 1143, 1144-45 (1979), while Yu proffered neither inadmissible character evidence nor testimony irrelevant to the State's theory. *Sandersfield v. Oklahoma* is distinguishable and does not control, as that case involved a defendant charged with misdemeanor assault and an officer's improperly prejudicial testimony that the defendant had been arrested for murder. 461 P.2d 1019, 1019-20 (Okla. Crim. App. 1969). No similar impropriety was present here. Nor does *United States v. Reyes* show that counsel performed deficiently, where that case does not control and focused primarily on whether a jury would consider non-hearsay testimony for the truth of the matter asserted. 18 F.3d 65, 70 (2d Cir. 1994). Here, however Bai does not allege that Yu's testimony led the jury to inappropriately consider inadmissible hearsay. The district court therefore did not err in denying this claim.

Bai next argues that appellate counsel should have challenged the sufficiency of the evidence supporting his conviction for the attempted murder of Mr. Guo because he did not intend to kill Guo. Guo was stabbed non-fatally in the course of Bai's stabbing his intended victim. As the State produced sufficient evidence of Bai's intent to kill the intended victim, the doctrine of transferred intent supported an attempted murder conviction regarding Guo. *See Ochoa v. State*, 115 Nev. 194, 200, 981 P.2d 1201, 1205 (1999). Bai has not shown deficient performance or prejudice in appellate counsel's omitting a meritless challenge on this basis. The district court therefore did not err in denying this claim without an evidentiary hearing.

Bai next argues that trial and appellate counsel should have challenged the jury instruction defining "reasonable doubt." Bai, however,

SUPREME COURT
OF
NEVADA

(O) 1947A

concedes that this court has repeatedly upheld this jury instruction. *Cf., e.g., Elvik v. State,* 114 Nev. 883, 897-98, 965 P.2d 281, 290-91 (1998). Accordingly, counsel did not perform objectively unreasonably by omitting a challenge repelled by our case law, nor would such a challenge have led to a reasonable probability of a different outcome on appeal. The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Bai argues cumulative error. Even assuming that multiple deficiencies in counsel's performance may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State,* 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Bai has not demonstrated multiple instances of deficient performance to cumulate.

Having considered Bai's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Michael Villani, District Judge
Law Office of Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk