Gerash & Springer, P.C., Walter L. Gerash, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for respondent.

HODGES, Chief Justice.

The appellant is before this court seeking review of the trial court's denial of her petition for writ of habeas corpus filed pursuant to Uniform Criminal Extradition Act, section 16–19–111, C.R.S.1973 (now in 1978 Repl. Vol. 8). Two grounds for reversal of the trial court's judgment are asserted. She alleges that dismissal in the federal court of an unlawful flight to avoid prosecution charge constituted res judicata as to the present extradition proceedings. The appellant also alleges that the Governor's warrant was insufficient in that there were improprieties in the affixing of the state seal.

The record reveals that neither of these arguments was ever presented in the trial court. It is fundamental that an appellate court will not pass upon issues which have not been presented for determination in the trial court except in the case of plain or fundamental error.

After a careful review of this record, we find no such error exists in this case. From this review, we comment also that the two grounds for reversal raised by the appellant are totally without merit.

Judgment affirmed.

Charles HAMPTON, Petitioner,

v.

The DISTRICT COURT In and For the COUNTY OF JEFFERSON, First Judicial District, and the Honorable Gaspar F. Perricone, one of the Judges thereof, Respondents.

No. 79SA293.

Supreme Court of Colorado,
En Banc.

Jan. 21, 1980.

J. Gregory Walta, Colorado State Public Defender, Craig L. Truman, Chief Deputy State Public Defender, Denver, Scott Jurdem, Deputy State Public Defender, Golden, for petitioner.

Nolan L. Brown, Dist. Atty., R. G. Guthrie, Deputy Dist. Atty., Golden, for respondents.

ERICKSON, Justice.

The petitioner, Charles Hampton, brought this original proceeding for relief in the nature of prohibition pursuant to C.A.R. 21, contending that his right to a speedy trial has been denied. We issued a rule to show cause to the Jefferson County District Court, the respondent. We now make the rule absolute.

On August 24, 1977, the petitioner was charged by information with counts of aggravated robbery, conspiracy, and crime of violence. The preliminary hearing in the matter, presided over by Judge Priest, was delayed twice at the instance of the prosecutor to January 3, 1978. Thereafter, an arraignment was held on March 6, 1978. At that time, the petitioner pled not guilty and trial was scheduled to begin on July 20, 1978.

Prior to July 10, 1978, the prosecution sought a continuance of the trial pending the outcome of an interlocutory appeal of a suppression order made by an El Paso County district court, which suppressed evidence required by the prosecution to prove its case against the petitioner.[1] The trial court granted a continuance until August 14, 1978.[2]

On July 25, 1978, the prosecution again sought a continuance of the trial by filing a motion in this Court. Again the El Paso County district court's suppression order was the basis for the prosecution's request for a stay of proceedings against Hampton. We denied that motion on August 1, 1978, and the August 14, 1978 trial date confronted the prosecution.

Immediately prior to the beginning of trial on August 14, 1978, the prosecution moved to add four habitual criminal counts to the original charges. Section 16–13–101, C.R.S.1973 (now in 1978 Repl.Vol. 8). The petitioner objected, and moved for the dismissal of the habitual criminal charges, claiming that the prosecution's motive for filing the additional charges was to place him in an untenable position and force him to request a continuance. According to the petitioner, the prosecution knew that if the petitioner maintained his right to a speedy trial, he would jeopardize his defense to the habitual criminal charges through inadequate preparation.[3] However, if he re-

---

1. On November 13, 1978, we decided the El Paso County interlocutory appeal. *See People v. Hampton,* 196 Colo. 466, 587 P.2d 275 (1978).

2. The rescheduled trial date was within six months of the March 6, 1978, arraignment. The continuance of the trial until August 14, 1978, is therefore not the subject of this proceeding.

3. Because the validity of the prior convictions is at issue in an habitual criminal proceeding, a thorough and complete defense may well require the examination of the record and pleadings which support former convictions. *See*

quested a continuance to prepare a defense to the new charges, he would be forced to relinquish his right to a speedy trial. Judge Priest denied the motion to dismiss the habitual criminal charges and, as a result, the petitioner requested a continuance, which was granted. The trial was continued until April 3, 1979.[4]

On April 3, 1979, the petitioner's motion for dismissal for failure to grant a speedy trial was filed in the respondent court. A hearing on this motion was held before Judge Perricone, who replaced Judge Priest as the trial judge after Judge Priest retired, and the motion was denied. Judge Perricone concluded that he had no authority to reconsider the previous rulings made by Judge Priest. The petitioner then brought this original proceeding to challenge the respondent court's denial of his motion to dismiss.

## I.

■ We must first determine whether an original proceeding under C.A.R. 21 is an appropriate vehicle for resolution of the petitioner's claim that he has been denied a speedy trial. The prosecution asserts that the issue may not be resolved in an original proceeding. We disagree.

Relief in the nature of prohibition under C.A.R. 21 is an appropriate remedy when a district court is proceeding without jurisdiction. *Western Food Plan, Inc. v. District Court*, Colo., 598 P.2d 1038 (1979); *Colorado Springs v. District Court*, 184 Colo. 177, 519 P.2d 325 (1974). In this case, the respondent court would be proceeding without

Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Swift v. People*, 174 Colo. 259, 488 P.2d 80 (1971).

4. On March 19, 1979, the district attorney filed a motion in the respondent court for a third continuance, citing the unavailability of an essential witness and the fact that an interlocutory appeal from a decision of the Weld County District Court also related to evidence which

jurisdiction if it were to try the petitioner in violation of his rights under the Colorado speedy trial statute and the rules of this Court. Section 18–1–405, C.R.S.1973 (now in 1978 Repl.Vol. 8); Crim.P. 48(b). Indeed, the fallacy in the prosecution's argument becomes apparent when compared to the holding in *Bustamante v. District Court*, 138 Colo. 97, 329 P.2d 1013 (1958). In that case we approved the use of a writ of prohibition as the proper remedy to preclude trial of a criminal defendant in violation of the applicable statute of limitations:

"In the instant case the trial court . . . is without jurisdiction to try . . . the defendant under this indictment, hence a trial would be a useless act, an expense to the public and to the defendant who could not be legally sentenced even if convicted under this indictment.

⦁     ⦁       ⦁     ⦁      ⦁

"We conclude the prohibition is the proper remedy for relief under the facts here presented." 138 Colo. at 106–107, 329 P.2d at 1018.

*See Baca v. District Court*, Colo., 603 P.2d 940 (1979), (S.Ct.No. 79SA369, announced November 5, 1979); *Pinelli v. District Court*, Colo., 595 P.2d 225 (1979).

## II.

■ The central issue in this case involves the presence or absence of bad faith on the part of the prosecution in adding the habitual criminal charges. In *People v. Steele*, 193 Colo. 87, 563 P.2d 6 (1977), we held that in the absence of a showing of bad faith on the part of the prosecution, the

the district attorney required for the Jefferson County trial. The respondent court granted the district attorney's motion but did not set a new trial date, preferring to delay the rescheduling until this Court's ruling on the Weld County interlocutory appeal. (On December 3, 1979, we issued a ruling on that appeal. *See People v. Hampton*, Colo., 603 P.2d 133 (1979). The continuance granted on March 19, 1979, is not the subject of this proceeding.

defendant could not complain that the late endorsement of a witness caused her to forfeit her right to a speedy trial. In this case, the petitioner claims that bad faith on the part of the prosecution has caused the petitioner to forfeit his right to a speedy trial.

At the hearing on the petitioner's motion to dismiss the charges, the respondent court did not make a determination on the merits. The respondent court instead denied the motion on the grounds that the same motion had been previously determined by Judge Priest and therefore could only be considered by an appellate court. We disagree.

The motion before Judge Priest was to dismiss the additional habitual criminal charges; the motion before Judge Perricone was for dismissal of all charges based on a violation of the speedy trial provisions. Accordingly, the respondent should have conducted a full hearing and resolved the petitioner's motion.

Although we do not make a determination on the petitioner's motion, we note that upon our reading of the record the petitioner has established a prima facie case of prosecutorial bad faith. First, at the hearing on April 3, 1979, the petitioner introduced a letter from the prosecution's office dated October 26, 1977, which requested information from the district court of the City and County of Denver on the petitioner's prior criminal record. That letter—written ten months prior to trial—stated that the prosecution was now adding habitual criminal charges against the petitioner. Second, the petitioner also pointed to the prosecution's obvious motive for delay of the trial, which, taken in conjunction with the letter written ten months prior to trial, and the fact that the prosecution did not give notice of its intentions to raise the new charges prior to trial, suggests a last minute ploy to circumvent the requirements of the speedy trial provisions. Consequently, the prosecution must come forth with evidence to rebut the prima facie case made by the petitioner in the forthcoming hearing or risk an adverse decision.

We also emphasize that in hearing the motion to dismiss the charges, the trial court should consider the provisions of standard 12–1.2(a) of the *American Bar Association Standards for Criminal Justice, Standards Relating to Speedy Trial*. That section provides:

"Control over the trial calendar should be vested in the court. The prosecuting attorney should be required to file as a public record periodic reports with the court setting forth the reasons for delay as to each case for which the prosecuting attorney has not requested trial within a prescribed time following charging. The prosecuting attorney should also advise the court of facts relevant in determining the order of cases on the calendar."

In this case there has been no evidence presented to suggest that the prosecution informed either the court or the defendant of its intentions prior to the morning of trial, although it would have been a simple matter to do so.

Accordingly, the rule to show cause is made absolute and the trial court is directed to conduct a hearing on the petitioner's motion to dismiss consistent with the views expressed in this opinion.