■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN M. BENJAMIN, Appellant. [745 NYS2d 130] —Rose, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered April 23, 2001, convicting defendant upon his plea of guilty of the crime of attempted robbery in the third degree.

After allegedly taking cash from a convenience store clerk and then leading police on a high-speed chase, defendant was

arrested on March 11, 2000 and arraigned on an indictment for robbery in the third degree on October 12, 2000. Citing the People's announcement of their readiness for trial on October 19, 2000, more than six months after his arrest, defendant moved to dismiss the charges pursuant to CPL 30.30 (1) (a). County Court denied the motion, ruling that the period during which plea negotiations had been ongoing was excludable from the statutorily prescribed six-month period. Defendant then entered a plea of guilty to attempted robbery in the third degree after indicating that he intended to preserve his right to appeal on speedy trial grounds. The People agreed not to seek a waiver of defendant's right to such an appeal, and he was then sentenced to an agreed-upon indeterminate prison term of 1⅓ to 3 years. He now appeals, and we affirm.

As to defendant's claim that announcing readiness more than six months after his arrest violated CPL 30.30, we need only note that when he entered a bargained-for plea of guilty, he waived appellate review of this statutory right (*see, People v Smith*, 272 AD2d 679, 681, *lv denied* 95 NY2d 938). Neither the prosecutor, the trial court nor the defendant may preserve such a statutory claim for review on appeal (*see, People v Lawrence*, 64 NY2d 200, 207; *People v O'Brien*, 56 NY2d 1009). Were we to consider the claim in any event, we would find that County Court did not abuse its discretion in excluding the time period during which plea negotiations were ongoing (*see, People v Friscia*, 51 NY2d 845, 847; *People v Crogan*, 237 AD2d 745, 745, *lv denied* 90 NY2d 857).

Although not waived (*see, People v Blakley*, 34 NY2d 311, 314), defendant's claim that he was denied his constitutional right to a speedy trial is equally unavailing. In determining this issue, we will consider several factors, including the extent of the delay and the reason for it (*see, People v Taranovich*, 37 NY2d 442, 445). Here, the delay was not unreasonable given that it was attributable to ongoing plea negotiations, as well as the substitution of defense counsel. Further, there is a complete lack of any evidence that the defense was impaired by reason of the delay.

Next, the issue of whether defendant's plea was knowingly, voluntarily and intelligently made is unpreserved, as he failed to move to withdraw it or to vacate the judgment of conviction (*see, People v Johnson*, 82 NY2d 683, 685; *People v Kemp*, 288 AD2d 635, 636). In any event, defendant's contention that he never clearly articulated the factual elements of attempted robbery in the third degree is unavailing (*see,* Penal Law §§ 160.05, 110.00). Defendant's allocution fully satisfies each

element of the crime, and the record belies his claim that he comes within the narrow exception to the preservation rule articulated in *People v Lopez* (71 NY2d 662, 666).

Nor has defendant preserved his claim that he was denied the effective assistance of counsel (*see, People v Goodings*, 277 AD2d 725). Regardless, this claim is also without merit. Defendant obtained a favorable negotiated sentence by his plea of guilty to the reduced charge, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see, People v Ford*, 86 NY2d 397, 404; *People v Modica*, 64 NY2d 828, 829; *People v Wright*, 256 AD2d 643, 646, *lv denied* 93 NY2d 880).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.