■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN BURTON, Also Known as KYMBRE R. DEANS, Appellant.

[749 NYS2d 910] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 1, 2001, convicting defendant upon her plea of guilty of the crimes of criminal possession of a controlled substance in the fifth degree and forgery in the second degree.

Defendant was charged in one indictment with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and in a second indictment with four counts of forgery in the second degree. In full satisfaction of both indictments, she pleaded guilty to one count each of criminal possession of a controlled substance in the fifth degree and forgery in the second degree. As part of the plea agreement, defendant was told that the sentence would be consecutive terms of one year in the local jail for each conviction. Prior to sentencing, County Court received a presentence investigation report which recommended, in the event that defendant were determined not to be a second felony offender, imposition of a split sentence of incarceration in the local jail and probation. As defendant was not found to be a second felony offender, County Court sentenced her in accordance with the plea agreement.

Defendant now appeals, asserting that her guilty plea was not knowing, voluntary and intelligent essentially because, at the time she entered the plea, she did not know that the presentence investigation report would recommend a split sentence instead of incarceration. Initially, we note that inasmuch as defendant did not move to withdraw her plea or to vacate the judgment of conviction, she has not preserved this claim for our review (*see People v Fulford*, 296 AD2d 661, 662; *People v Benjamin*, 296 AD2d 666, 667). Significantly, at the sentencing hearing when defendant expressed disappointment with the sentence imposed, County Court offered her the opportunity to withdraw the plea, an offer of which defendant did not avail herself.

Nevertheless, were we to consider defendant's claim, we would find it to be without any merit. During the plea proceedings, defense counsel advised County Court that defendant wished to accept the plea offer which defendant understood included the imposition of consecutive terms of one-year local jail time for each crime; defendant expressly confirmed her desire to so plead. While County Court indicated that defendant would be afforded the opportunity to withdraw her plea if the presentence investigation report recommended state prison time, no such offer was extended in the event the report recommended a split sentence. That the report recommended a

sentence less than that to which defendant agreed does not render the guilty plea involuntary or unknowing since defendant received the benefit of her bargain. Accordingly, defendant asserts no viable reason to disturb the judgment of conviction.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.