Opinion by
Judge ROTHENBERG.
Defendant, Christopher MceMurtry, appeals the judgment of conviction entered pursuant to his plea of guilty to attempted sexual assault. At issue in this case is whether defendant's constitutional or statutory speedy trial rights were violated, thus depriving the trial court of jurisdiction to accept his guilty plea. Because we conclude his rights were not violated and the trial court did not lack jurisdiction, we affirm.
*1096 I. Background
Defendant was a juvenile when he committed the offense in this case, but was charged as an adult by means of a direct-filed information. He remained in custody in the county jail, and pursuant to § 19-2-508(4)(b), C.R.S$.2003, the trial court ordered the sheriff to segregate him from the adult prisoners.
On January 23, 2001, defendant pleaded not guilty, and the court scheduled trial for May 28.
On May 7, defendant's public defender moved to withdraw, alleging the sheriff had not completely segregated defendant from the adult prisoners and, as a result, defendant had obtained information that would make him a witness against a prisoner also represented by the public defender's office. The trial court granted the motion the following day, and defendant also waived his speedy trial rights so that new counsel would have an adequate opportunity to prepare for trial.
On May 11, defendant's new counsel entered her appearance and informed the court that she had a scheduling conflict on the May 28 trial date. The trial court rescheduled the trial for October 15, 2001. Thereafter, a second replacement of counsel occurred for reasons not relevant to this appeal.
On October 1, defendant moved to dismiss the charges, alleging that his statutory and constitutional rights to a speedy trial were violated. The motion further alleged that defendant's earlier waiver of his speedy trial rights was invalid because it was precipitated by the sheriff's violation of the trial court's segregation order. The court denied defendant's motion, finding that the conflict of interest that caused the public defender to withdraw and necessitated defendant's waiver of his speedy trial rights resulted from the sheriff's unintentional violation of the court's order.
On October 12, defendant and the People entered into a plea agreement whereby defendant tendered his guilty plea and the original charges were dismissed. At the provi-dency hearing, defendant informed the court that he wanted to reserve the right to appeal the speedy trial ruling. The court advised him that it was unsure whether such a reservation was possible and that his guilty plea might constitute a waiver of his right to appeal the speedy trial ruling. Defendant indicated that he understood, and the court accepted his plea.
II. Defendant's Right to Appeal
As a threshold matter, we address the People's contention that defendant waived his right to appeal the trial court's speedy trial ruling by pleading guilty to the charge. We conclude that he did not waive his right to appeal the court's ruling regarding his statutory right to speedy trial, but that he waived his right to appeal the ruling regarding his constitutional right to speedy trial.
A. Statutory Right to Speedy Trial
The improper denial of a defendant's motion to dismiss for violation of his or her statutory right to a speedy trial divests the trial court of jurisdiction to proceed. Hampton v. Dist. Court, 199 Colo. 104, 605 P.2d 54 (1980); People v. Aragon, 44 Colo.App. 550, 558, 622 P.2d 579, 581 (1980)(Aragon 1), aff'd on other grounds, 648 P.2d 48 (Colo.1982)(Aragon II).
However, the timing of the plea in relation to the court's denial determines whether the right to appeal survives the plea. If the defendant moves to dismiss for violation of speedy trial before entering his or her guilty plea, the plea does not result in a waiver of defendant's right to appeal from the denial of the motion to dismiss. See Moody v. Corsentino, 848 P.2d 1355 (Colo.19983)(concluding the defendant waived his statutory right to speedy trial because he failed to move for dismissal of the charges before entering his plea.).
Here, defendant moved to dismiss the charges based on violation of his speedy trial right on October 1, 2001, and he entered his plea of guilty on October 12. Accordingly, we may consider his statutory speedy trial argument.
Turning to the merits, defendant argues that his statutory right to a speedy trial was violated because the May 8 and the May *1097 11 waivers are both attributable to the bad faith actions of the sheriff in failing to segregate him from the adult prisoners. We are not persuaded.
Under § 18-1405, C.R.8.2008, the defendant has the right to have charges dismissed if he or she is not brought to trial within six months following a not guilty plea. However, if a trial date has been fixed by the court and the defendant requests and is granted a continuance, the period within which the defendant may be tried is extended another six months beyond the date of the continuance. Section 18-1-405(8), C.R.8.2003.
Absent a showing of bad faith by the prosecutor, such as a last-minute ploy to cireumvent the speedy trial requirements, the defendant's strategic decision to seek a trial continuance and waive the right to a speedy trial is chargeable to him or her for purposes of the speedy trial statute. See People v. Duncan, 31 P.3d 874, 877-78 (Colo.2001); Hampton v. Dist. Court, supra.
If the defendant satisfies his or her initial burden of making a prima facie showing of bad faith, the prosecution then assumes the burden of rebutting such evidence.
The trial court's finding whether the prosecution has acted in bad faith will be upheld if supported by the record. See People v. Duncan, suproe; Hampton v. Dist. Court, supra.
Here, even assuming the sheriffs action should be charged against the prosecution for speedy trial purposes, there is no evidence that the sheriff acted in bad faith in violating the segregation order. Nor is there evidence suggesting the sheriff could have anticipated that his violation of the segregation order would result in the withdrawal of defendant's public defender and a delay of the proceedings.
We therefore perceive no error by the trial court in finding defendant failed to make a prima facie showing of bad faith interference with his speedy trial rights. Accordingly, we conclude the trial court did not err in finding that the May 8 and 11 speedy trial waivers were valid, and that defendant's statutory right to a speedy trial was not violated.
B. Constitutional Right to Speedy Trial
We reach a different conclusion regarding defendant's right to appeal the trial court's denial of defendant's motion to dismiss based upon an alleged violation of his constitutional right to speedy trial. We conclude that such an alleged violation does not raise a jurisdictional issue, and therefore, that defendant waived the right of appeal that issue by pleading guilty to the charge.
The constitutional right to speedy trial derives from both the Sixth Amendment to the United States Constitution and Article II, Section 16, of the Colorado Constitution, Moody v. Corsentino, supra, and thus flows from a higher source of law than the statutory speedy trial right.
It therefore seems anomalous that a violation of the statutory right would divest the trial court of jurisdiction, but a violation of the constitutional speedy trial right would not. Nevertheless, in Colorado, the statutory right to a speedy trial arguably affords more protection than does the constitutional provision, and this conclusion is reflected by the different tests that are used to determine violations of the two rights.
Whether a defendant's statutory speedy trial right has been violated can be determined by calculating the six-month period, applying detailed statutory provisions and well-established precedent that provide clear rules as to which party is charged with the delay. It is a bright line test.
In contrast, the violation of a defendant's constitutional right to speedy trial is determined by an ad hoe balancing test that applies four factors: the length of the delay, the reason for it, the defendant's demand for a speedy trial, and the prejudice to the defendant. People v. Fears, 962 P.2d 272, 279 (Colo.App.1997). Under this standard, it is difficult, if not impossible, to set a precise moment in time when the trial court definitively lost jurisdiction. Moody v. Corsentino, supra, 843 P.2d at 1364("There is no established time period that automatically constitutes undue delay [for purposes of speedy trial] )."
*1098 Another factor strongly suggests the violation of a defendant's constitutional right to speedy trial does not divest the trial court of jurisdiction, and therefore can be waived by the entry of a plea of guilty. An assertion of error which presents a jurisdictional question may be raised at any time, even for the first time on appeal. See People v. Torkelson, 22 P.3d 560, 562 (Colo.App.2000). Yet, decisions have held that a constitutional speedy trial claim cannot be raised for the first time on appeal, thus presupposing that the issue is not jurisdictional. People v. Cass, 68 P.8d 587 (Colo.App.2002); People v. Scialabba, 55 P.3d 207 (Colo.App.2002).
We acknowledge that in Aragon I, a division of this court rejected the People's argument that the defendant waived his right to raise the speedy trial issue on appeal because he had entered a plea of guilty, and held that the improper denial of a defendant's motion to dismiss for violation of either his or her statutory or constitutional right to speedy trial divested the trial court of jurisdiction.
In reaching its conclusion, the division in Aragon I distinguished Wixson v. People, 175 Colo. 848, 487 P.2d 809 (1971). In Wixson, the supreme court held that by entering a guilty plea, the defendant waived the right to appeal the denial of a motion to dismiss based on an alleged constitutional speedy trial violation. The Aragon I court explained:
We view Wizson as inapposite to this case. Here the defendant asserted his right by motion prior to the third trial And, the improper denial of a defendant's motion to dismiss for violation of his statutory right to a speedy trial divests the trial court of jurisdiction to proceed. Because the right to a speedy trial is one of the most cherished of our constitutional rights, we perceive no reason why the same result should not obtain when the constitutional right to a speedy trial is violated.
Aragon I, supra, 44 Colo.App. at 558, 622 P.2d at 581 (cites omitted).
On further review, the supreme court upheld the dismissal of charges against the defendant because it concluded his due process rights had been violated. But, the supreme court specifically rejected the division's analysis in Aragon I and its conclusion that the defendant's constitutional right to a speedy trial was violated. The supreme court stated:
Wixson v. People, 175 Colo. 348, 487 P.2d 809 (1971), is a formidable barrier which prevents the defendant's plea of guilty from being set aside on the basis of a denial of the constitutional right to a speedy trial. However, we need not distinguish or overrule Wizson under the facts of this case [because we conclude that defendant's due process rights were violated].
Aragon II, supra, 648 P.2d at 46.
Given the supreme court's description of Wixson as a formidable, but not insurmountable barrier, and its comment about not needing to distinguish or overrule it "under the facts of this case," we are unable to discern whether the Aragon II court intended to decide definitively whether a defendant's guilty plea waives the right to appeal a ruling denying a motion to dismiss for violation of the constitutional right to a speedy trial.
Nor did the court resolve the issue in Moody v. Corsentino, supra, as defendant contends. In Moody, the supreme court concluded a defendant's guilty plea did not preclude a constitutional speedy trial challenge to the period of delay between entry of the guilty plea and sentencing. Moody did not address whether a guilty plea waives the right to appeal a constitutional speedy trial challenge to the period of delay preceding entry of the plea.
In summary, a voluntary guilty plea clearly waives all nonjurisdictional claims, subject to a narrow exception inapplicable here, see Patton v. People, 35 P.3d 124, 128 (Colo.2001). Based on the principles set forth above, we conclude the violation of the constitutional right to speedy trial raises a nonju-risdictional issue. Accordingly, we further conclude defendant's guilty plea here waived his right to appeal the trial court's ruling denying his motion to dismiss based on the constitutional right to a speedy trial.
*1099 To the extent the division's contrary holding of Aragon I may be read to have survived Aragon II, we decline to follow it.
Judgment affirmed.
Judge MARQUEZ and Judge GRAHAM concur.