■ The People of the State of New York, Respondent, v Jose R. Cintron, Appellant. [776 NYS2d 919]—

Mercure, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered June 19, 2002, convicting defendant upon his plea of guilty of two counts of the crime of criminal possession of a weapon in the third degree.

In March 2001, defendant was arrested after he dropped a loaded handgun while fleeing the scene of a traffic stop. Approximately one year later, he was charged in an indictment with two counts of criminal possession of a weapon in the third degree. After County Court denied his motion to dismiss the indictment on the ground that he had been denied his right to a speedy trial, defendant pleaded guilty to both counts of the indictment, preserving his right to appeal. County Court sentenced defendant, as a second felony offender, to concurrent prison terms of 4½ years and 2 to 4 years. Defendant appeals, asserting that he was denied his statutory and constitutional rights to a speedy trial.

We affirm. Initially, we note that "[b]y pleading guilty, defendant waived appellate review of his statutory right to a speedy trial under CPL 30.30" (*People v Smith*, 272 AD2d 679, 681 [2000], *lv denied* 95 NY2d 938 [2000]; *see People v Benjamin*, 296 AD2d 666, 667 [2002]). In contrast, defendant's claim that he was denied his constitutional right to a speedy trial survived his guilty plea (*see People v Allen*, 86 NY2d 599, 602 [1995]). Nevertheless, applying the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]), we conclude that defendant's claim is unavailing. We note that the time period between defendant's arrest and his indictment was one year and five days, well within the statute of limitations (*see* CPL 30.10 [2] [b]; *People v Coggins*, 308 AD2d 635, 635-636 [2003]), his freedom was not impaired by the delay inasmuch as he was incarcerated for a parole violation in June 2001 (*see People v Hernandez*, 306 AD2d 751, 752 [2003]), and there is no evidence that his defense was impaired in any way as a result of the delay (*see People v Benjamin, supra* at 667). Finally, we reject as meritless defendant's argument that the sentence imposed by County Court was harsh and excessive.

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.