The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robert OWEN, Defendant–Appellant.

No. 02CA2369.

Colorado Court of Appeals, Div. IV.

Jan. 13, 2005.

Certiorari Denied Nov. 15, 2005.

Ken Salazar, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

McClintock & McClintock, Theodore P. McClintock, Elizabeth A. McClintock, Colorado Springs, Colorado, for Defendant–Appellant.

KAPELKE *, J.

Defendant, Robert Owen, appeals the trial court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

In exchange for a plea agreement in two felony cases, defendant pled guilty to escaping from the custody of community corrections. He was sentenced to four years in prison, to be served consecutively to his existing sentence.

Thereafter, he filed a Crim. P. 35(c) motion for postconviction relief, asserting that he had been denied his statutory right to a speedy trial under § 18–1–405, C.R.S.2004. The court summarily denied the motion, concluding that defendant had waived his statutory speedy trial rights.

Defendant contends that the trial court erred in holding that he had waived his statutory speedy trial right by entering a guilty plea. We disagree.

■ We review the trial court's conclusions of law de novo. *People v. Melillo*, 25 P.3d 769, 777 (Colo.2001); *People v. Dalton*, 70 P.3d 517, 521 (Colo.App.2002).

■ Section 18–1–405 is intended to complement constitutional speedy trial rights and render them more effective. Subject to certain exceptions, the statute mandates dismissal of charges pending against a defendant who is not brought to trial within six months of entering a not guilty plea. *People v. Gallegos*, 946 P.2d 946, 949 (Colo.1997); *People v. Marez*, 916 P.2d 543, 547–48 (Colo. App.1995).

Section 18–1–405(5), C.R.S.2004, provides that, to be entitled to dismissal for violation of the statutory speedy trial right, a defendant must move for dismissal "prior to the entry of a plea of guilty to the charge or an included offense." The statute goes on to provide that "[f]ailure to so move is a waiver of the defendant's rights under this section." *See also Moody v. Corsentino*, 843 P.2d 1355, 1362 (Colo.1993).

■ By pleading guilty, a defendant waives a host of statutory and constitutional rights, including the right to speedy trial. As a narrow exception, a defendant may collaterally attack a conviction based on a guilty plea where the court lacked the power to enter the conviction or impose the sentence. *Patton v. People*, 35 P.3d 124, 129 (Colo.2001). Thus, such a plea does not waive jurisdictional defects. *See United*

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2004.

*States v. Tomeny,* 144 F.3d 749, 751 (11th Cir.1998).

 Here, relying on *Hampton v. Dist. Court,* 199 Colo. 104, 605 P.2d 54 (1980), defendant argues that the trial court improperly denied his motion to dismiss based on violation of his statutory speedy trial rights and that the court thereafter lacked jurisdiction to proceed. In *Hampton,* the supreme court held that relief in the nature of prohibition under C.A.R. 21 is an appropriate remedy for a defendant seeking to challenge a trial court denial of a motion to dismiss for speedy trial violation. In addressing the availability of that remedy, the court stated, "the [trial] court would be proceeding without jurisdiction if it were to try the [defendant] in violation of his rights under the Colorado speedy trial statute and the rules of this Court." *Hampton v. District Court, supra,* 199 Colo. at 106, 605 P.2d at 56.

In *People v. McMurtry,* 101 P.3d 1098 (Colo.App.2003)(*cert. granted* Nov. 22, 2004), a division of this court interpreted the language in *Hampton* as holding that the improper denial of a defendant's motion to dismiss for violation of the statutory speedy trial right divests the trial court of jurisdiction to proceed and that a guilty plea therefore does not effect a waiver of the right to challenge the trial court's denial.

We disagree with the *McMurtry* division's reading of the supreme court's opinion in *Hampton.* As discussed, the issue in *Hampton* was simply whether C.A.R. 21 was a permissible vehicle to challenge a trial court's ruling on a speedy trial motion. The issue of waiver of statutory speedy trial rights was not presented in *Hampton.* Both *Hampton* and *McMurtry* ultimately held that no violation of the defendants' speedy trial rights under § 18–1–405(5) had occurred.

In our view, the holding in *People v. McMurtry* creates the anomalous result that a guilty plea effects a waiver of the constitutional, but not the statutory, right to speedy trial. We see no rational basis for such a distinction.

 Jurisdiction has proved to be "a word of elastic, diverse, and disparate meanings." *Minto v. Lambert,* 870 P.2d 572, 575

(Colo.App.1993)(quoting *Lacks v. Lacks,* 41 N.Y.2d 71, 73–74, 390 N.Y.S.2d 875, 359 N.E.2d 384, 386 (1976)). Generally, we think of "jurisdiction" as comprising two ingredients: subject matter jurisdiction and personal jurisdiction. *See People in Interest of Lynch,* 783 P.2d 848, 851 (Colo.1989). Subject matter jurisdiction concerns the court's authority to deal with a class of cases, not its authority to enter a particular judgment within that class. *Minto v. Lambert, supra.* Personal jurisdiction concerns the court's adjudicatory authority over a particular individual. *See Gilford v. People,* 2 P.3d 120, 126–27 (Colo.2000).

 As used in the guilty plea context, nonwaivable "jurisdictional defects" refer not to matters of personal jurisdiction, but rather to matters of subject matter jurisdiction, *see Craig v. Bronson,* 202 Conn. 93, 103, 520 A.2d 155, 161 (1987); *People v. Eaton,* 184 Mich.App. 649, 650, 459 N.W.2d 86, 87 (1990), *aff'd on other grounds,* 439 Mich. 919, 479 N.W.2d 639 (1992), and thus to fundamental, constitutional bars to "the very power of the State to bring the defendant into court to answer the charge brought against him." *Davila v. State,* 831 P.2d 204, 205 (Wyo.1992)(quoting *Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974)); *see Hooten v. State,* 212 Ga.App. 770, 770, 442 S.E.2d 836, 837–38 (1994); *Duron v. State,* 915 S.W.2d 920, 921 (Tex.App. 1996), *aff'd,* 956 S.W.2d 547 (Tex.Crim.App. 1997); *see also Patton v. People, supra,* 35 P.3d at 128 (guilty plea may be attacked on the "narrow" ground that, because of double jeopardy, "the court lacked the power to enter the conviction or impose the sentence in the first instance").

In this context, the term "jurisdictional defects" is generally limited to those instances where "the charge in question is one which the state may not constitutionally prosecute." *United States v. Johnston,* 199 F.3d 1015, 1019 n. 3 (9th Cir.1999). Examples of nonwaivable jurisdictional defects include the failure of an indictment or information to allege a crime, the unconstitutionality of the statute defining the crime, and double jeopardy. *See, e.g., United States v. Johnston, supra; State v. Norris,* 97 P.3d 732,

736–37 (Utah App.2004); *Kitzke v. State,* 55 P.3d 696, 699 (Wyo.2002).

Under the vast weight of authority, the category of nonwaivable jurisdictional defects does not include statutory speedy trial violations. *See United States v. Gonzalez–Arimont,* 268 F.3d 8, 11–13 (1st Cir.2001); *United States v. Cox,* 985 F.2d 427, 433 (8th Cir.1993); *United States v. Bell,* 966 F.2d 914, 915 (5th Cir.1992); *United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992); *United States v. Pickett,* 941 F.2d 411, 416–17 (6th Cir.1991); *Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir.1989); *United States v. Andrews,* 790 F.2d 803, 810 (10th Cir.1986); *United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984); *State v. Salinas,* 134 Idaho 362, 367, 2 P.3d 747, 752 (2000); *State v. Asher,* 28 Kan.App.2d 799, 20 P.3d 1292, 1294 (2001); *People v. Eaton, supra; Anderson v. State,* 577 So.2d 390, 391–92 (Miss.1991); *People v. Cintron,* 7 A.D.3d 827, 776 N.Y.S.2d 919, 919 (2004); *Village of Montpelier v. Greeno,* 25 Ohio St.3d 170, 171–72, 495 N.E.2d 581, 582–83 (1986); *State v. Anderson,* 417 N.W.2d 403, 405 (S.D.1988); *State v. Wilson,* 25 Wash.App. 891, 894, 611 P.2d 1312, 1314 (1980).

A violation of a statutory right to speedy trial does not create a fundamental, constitutional bar to the court's power to enter a conviction and sentence. Nor, in our view, does it divest a court of subject matter jurisdiction to receive a guilty plea or otherwise proceed. While subject matter jurisdiction cannot be waived, *Minto v. Lambert, supra,* by the express terms of § 18–1–405(5), claims of statutory speedy trial violation *are* waived if not they are not raised in a timely manner. *See* § 18–1–405(5)(5.1), C.R.S.2004.

Thus, the violation of a defendant's statutory speedy trial right is not "jurisdictional" in the sense of divesting a district court of its ability to conduct *any* further proceeding. Rather, it is "jurisdictional" only in the sense of divesting the court of its authority over the person, unless and until that authority is restored upon waiver or withdrawal of the speedy trial objection. *See People v. Eaton, supra.*

As such, this is not the type of "jurisdictional defect" that may be asserted following entry of a voluntary guilty plea. Nor does it become such a defect simply because § 18–1–405(5) provides that the failure to move for dismissal prior to the entry of a plea of guilty waives a defendant's speedy trial rights.

In interpreting a similarly worded statute, 18 U.S.C. § 3162(a)(2) (1993), the Tenth Circuit Court of Appeals stated:

> Neither the Act nor its legislative history directly address[es] the consequences of entering an unconditional guilty plea after moving to dismiss on Speedy Trial Act grounds. The language of the Act permits but does not require the interpretation urged by [the defendant]. However, [the defendant's] construction is inconsistent with common law principles in effect when this legislation was enacted....
>
> Moreover, a defendant who wishes to preserve his claim under the Speedy Trial Act while pleading guilty may do so by entering a conditional guilty plea ....

*United States v. Andrews, supra,* 790 F.2d at 809–10.

We agree with the analysis and holding in *Andrews.* Like the federal statute construed in *Andrews,* Colorado's statute evinces no clear intent to abrogate the common law rule that a guilty plea waives nonjurisdictional defects, including speedy trial violations. The sparse legislative history underlying the enactment of our speedy trial statute does not address the issue. *See* § 40–1–505 cmt., C.R.S.1963 (1971 Perm. Cum.Supp.)(new speedy trial statute "designed to implement the 'Minimum Standards for Criminal Justice' promulgated by the American Bar Association"; statute currently codified, with amendments, at § 18–1–405(5)); ABA Project on Standards for Crim. Justice, *Standards Relating to Speedy Trial* § 4.1 cmt. at 41 (Approved Draft 1968)(mentioning waiver of unasserted speedy trial right; but silent regarding effect of a guilty plea on previously asserted right). Notably, conditional guilty pleas are permitted in Colorado. *See People v. Bachofer,* 85 P.3d 615, 617 (Colo.App.2003).

Accordingly, we conclude that, by entering an unconditional, voluntary guilty plea, a defendant waives the right to assert, either on appeal or by collateral attack, a violation of

**1010**

the statutory right to speedy trial. In so concluding, we decline to follow *People v. McMurtry, supra,* to the extent it holds to the contrary.

Here, after the trial court denied his motions to dismiss premised on an alleged statutory speedy trial violation, defendant entered an unconditional guilty plea. He has not challenged the voluntariness of that plea either here or in the trial court. At the providency hearing, the prosecutor specifically noted the understanding that, by pleading guilty, defendant would be forgoing any claim of violation of his speedy trial rights. The court expressly advised defendant that his right to a trial "within six months" of entry of his previous not guilty plea was among the rights he would be waiving by his guilty plea. The court also advised him that he would be waiving his rights to appeal any rulings the court had previously made and any issues he believed might be outstanding. Thus, by thereafter unconditionally pleading guilty, defendant waived or withdrew any objection he had based upon the speedy trial statute.

In light of our holding, we do not address the merits of defendant's speedy trial contention. Nor do we address defendant's additional contention that the trial court erred in determining that he waived his right to a speedy trial at a hearing on September 24, 2001.

The order is affirmed.

Judge GRAHAM and Judge RUSSEL concur.