The PEOPLE of the State of Colorado, Petitioner/Cross–Respondent,

v.

Christopher MCMURTRY, Respondent/Cross–Petitioner.

No. 04SC437.

Supreme Court of Colorado, En Banc.

Oct. 17, 2005.

Rehearing Denied Nov. 7, 2005.

John W. Suthers, Attorney General, Jennifer M. Smith, Assistant Attorney General, Matthew D. Grove, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, for Petitioner/Cross–Respondent.

David S. Kaplan, Colorado State Public Defender, Mark G. Walta, Deputy State Public Defender, Denver, for Respondent/Cross–Petitioner.

BENDER, Justice.

## INTRODUCTION

We review the court of appeals' decision in *People v. McMurtry,* 101 P.3d 1098 (Colo. App.2003), which affirmed Christopher McMurtry's conviction pursuant to his plea of guilty to attempted sexual assault. Before entering his guilty plea, McMurtry moved to dismiss his case on the grounds that his statutory right to a speedy trial had been violated. The trial court denied this motion. Following language in earlier decisions of this court and of the court of appeals, the court of appeals held that an improper denial of an accused's statutory right to a speedy trial was a matter of subject matter jurisdiction and thus McMurtry's guilty plea did not foreclose his right to appellate review. That court affirmed McMurtry's guilty plea holding that his motion to dismiss was properly denied.

We affirm the judgment of the court of appeals but employ alternate reasoning. We hold that the improper denial of the statutory right to a speedy trial does not divest the trial court of subject matter jurisdiction. In such cases, the trial court possesses jurisdiction to accept a valid, binding and enforceable plea. By entering a guilty plea, a defendant waives his right to appellate review on the issue of the denial of his statutory right to a speedy trial. Addressing McMurtry's second argument for appellate review of his statutory speedy trial claim, that he entered a conditional plea of guilty, we hold that the facts of this case do not establish a conditional guilty plea.

Our holding clarifies our earlier decisions concerning the statutory speedy trial right and disapproves decisions of the court of appeals that hold that improper denial of this right divests the trial court of jurisdiction to accept a guilty plea.[1] We return this case to the court of appeals with directions to return it to the trial court with directions to affirm McMurtry's plea of guilty.

---

1. In addition to the court of appeals opinion in this case, we specifically overrule the court of appeals decision in *People v. Aragon,* 44 Colo. App. 550, 622 P.2d 579 (1980), to the extent that it holds that the statutory speedy trial right is jurisdictional in nature.

## FACTS AND PROCEEDINGS BELOW

Christopher McMurtry was a juvenile when he was charged as an adult with several counts of felony sexual assault. While represented by the Public Defender's Office, McMurtry entered a plea of not guilty with his trial date set for four months later.

McMurtry was held in the Adams County Detention Facility while awaiting trial. In violation of both a statute [2] and a court order, the sheriff's department failed to segregate McMurtry from the adult inmates. As a result, McMurtry learned of information that caused him to be a witness in an unrelated case of a defendant who was represented by the public defender. The trial court granted the public defender's motion to withdraw from McMurtry's case and appointed alternative defense counsel two weeks before McMurtry's scheduled trial date. McMurtry sought a continuance and waived his right to speedy trial to accommodate a scheduling conflict of his new attorney and to allow this attorney adequate time to prepare for trial. The court set the new trial date nearly ten months from the date of McMurtry's plea of not guilty.

Two weeks before trial, McMurtry moved to dismiss the charges against him, arguing that his statutory right to a speedy trial had been violated by "the People's bad faith violation of" the juvenile segregation statute and of the "express orders" of the court.[3] McMurtry claimed that his waiver of his speedy trial right was invalid due to the fact that the sheriff's department failed to follow the trial court's orders to segregate him from adult prisoners, which led in turn to the conflict of interest with his first attorney, the public defender. The trial court denied the motion, finding no bad faith on the part of the sheriff's department or the prosecution.

Three days before his trial, McMurtry entered a plea of guilty pursuant to a plea agreement with the prosecution. At the time he entered the plea, McMurtry told the trial court that he wanted to reserve his right to appeal the court's denial of his motion to dismiss for violation of speedy trial. The court stated that it was unsure if McMurtry's guilty plea would waive his right to appeal, and stated that whether the denial of his motion to dismiss was appealable would have to be decided by an appellate court. Despite this warning about whether his motion to dismiss was appealable, McMurtry stated that he understood his rights and the court accepted his guilty plea.

McMurtry appealed the trial court's speedy trial ruling to the court of appeals, arguing two points. First, McMurtry argued that because the sheriff's department, in bad faith, violated the juvenile segregation statute, the continuance he sought and was granted must be charged against the People. Under this theory, the People caused his trial to be scheduled beyond the six-month statutory speedy trial period. Thus, the trial court erred in failing to dismiss the charges against him for violation of the speedy trial statute. Second, McMurtry argued, for the first time, that these facts constituted a denial of his constitutional right to a speedy trial.

The court of appeals addressed the issue of the propriety of appellate review of the denial of McMurtry's motion to dismiss as one of jurisdiction. *McMurtry*, 101 P.3d at 1100. Addressing first the statutory right to a speedy trial, the court held that McMurtry's appeal was reviewable because "improper denial of a defendant's motion to dismiss for violation of his or her statutory right to a speedy trial divests the trial court of jurisdiction to proceed." *Id.* (citing *Hampton v. Dist. Court,* 199 Colo. 104, 605 P.2d 54 (Colo. 1980)) (additional case citations omitted). Based upon the fact that McMurtry had moved to dismiss prior to entering his guilty plea, the court of appeals held that it could properly consider his statutory speedy trial argument. *Id.*

---

**2.** Section 19–2–508(4)(b), C.R.S. (2005), requires that juveniles held in adult detention centers be physically segregated from the adult population.

**3.** While McMurtry's motion to dismiss mentioned the constitutional right to a speedy trial in its caption, it did not mention the constitutional right in the body of the motion and did not apply the balancing test required to determine whether a defendant's constitutional rights have been violated. *See* note 9, *infra.*

On the substance of McMurtry's appeal, the court of appeals found no bad faith on the part of the sheriff's department or the prosecution. *Id.* at 1101. Thus, the court of appeals held that McMurtry's waiver of his statutory speedy trial right was valid and that the trial court properly charged the continuance to McMurtry. *Id.* Based upon this, the court of appeals held that McMurtry's statutory right to a speedy trial was not violated. *Id.*

Turning to McMurtry's constitutional arguments, the court of appeals held that in contrast to the statutory right to a speedy trial, the constitutional right is not jurisdictional. *Id.* at 1101–02. Thus, the court reasoned, a defendant does waive his constitutional right to a speedy trial once he pleads guilty. *Id.* Applying this reasoning, the court found that McMurtry had waived his constitutional right to a speedy trial by entering a guilty plea. *Id.* at 1102.

The People sought certiorari review on the question of whether McMurtry's entry of a plea of guilty bars him from appealing the denial of his motion to dismiss. McMurtry's cross-petition sought certiorari review on two questions: first, whether the court of appeals wrongly precluded McMurtry from appealing his conviction through his argument that he was deprived of constitutional right to a speedy trial; and second, whether delays in bringing McMurtry to trial ought to be charged against the People, resulting in a violation of his statutory right to a speedy trial.[4]

## ANALYSIS

### Introduction

■ We first address McMurtry's argument that the trial court's denial of his motion to dismiss for violation of his statutory right to a speedy trial merits appellate review. Generally, a guilty plea precludes review of issues that arose prior to the plea. *See People v. Schneider,* 25 P.3d 755, 759–60 (Colo.2001). But exceptions exist to this general rule. One such exception is that challenges to a trial court's subject matter jurisdiction may be raised at any time. *See* Crim.P. 35(c)(2)(III) (2005). Because we hold that the improper denial of the statutory right to a speedy trial is not a matter of subject matter jurisdiction, McMurtry's right to appeal the trial court's denial of his motion to dismiss does not survive his plea of guilty on jurisdictional grounds. McMurtry's second theory seeking appellate review of his plea of guilty and conviction rests upon the argument that his guilty plea was a conditional one—that is, conditional upon appellate review of his earlier-denied motion to dismiss. In Colorado there exists no clear recognition of the conditional plea and we decline to provide one here. Instead, we hold that the facts of this case do not establish a basis for us to conclude that McMurtry entered a conditional plea.

### The Statutory Right to a Speedy Trial and Subject Matter Jurisdiction

■ Section 18–1–405, C.R.S. (2005), guarantees the criminal defendant the right to a speedy trial. Specifically, this section requires that a defendant be brought to trial within six months of his plea of not guilty. § 18–1–405(1), C.R.S. (2005). This statutory protection is meant to give effect to the constitutional right to a speedy trial. *Ex parte Schechtel,* 103 Colo. 77, 82, 82 P.2d 762, 764 (Colo.1938) *overruled on other grounds*

4. The questions upon which we granted certiorari are:

1. Whether a defendant, who filed a motion to dismiss his case for violation of the speedy trial statute but then entered a valid unconditional guilty plea, can still appeal the denial of his motion.

2. Whether the court of appeals erred in reaching the concededly "anomalous" conclusion that a violation of the statutory right to speedy trial divests a trial court of jurisdiction, yet a violation of the constitutional speedy trial right does not, thus precluding defendants from litigating these constitutional speedy trial violations on appeal after the entry of a guilty plea.

3. Whether delays in bringing a defendant's case to final disposition, due to the sheriff department's repeated violations of [a] court order requiring enforcement of the sound-and-sight segregation rule set forth under section 19–2–508(4)(b), 6 C.R.S. (2003), are chargeable to the prosecution for purposes of evaluating violations of the right to speedy trial and furthermore constitute evidence of "bad faith."

*by Watson v. People,* 700 P.2d 544 (Colo. 1985). The statute does not create any additional rights. *Id.* Rather, it provides a "method of securing" the constitutional right of an accused to a speedy trial. *Id.*

The court of appeals opinion rests upon the premise that because an improper denial of a statutory speedy trial motion is jurisdictional, it may be reviewed at any time. Relying on this as well as the fact that McMurtry moved to dismiss before entering his guilty plea, the court of appeals held that the denial of McMurtry's speedy trial motion was reviewable on appeal, despite his later guilty plea. This holding construes our decisions involving the statutory speedy trial right to reach the conclusion that this right is a matter of subject matter jurisdiction.

The court of appeals cites language of this court stating that a court would be "proceeding without jurisdiction if it were to try [a defendant] in violation of his rights under the Colorado speedy trial statute." *McMurtry,* 101 P.3d at 1100 (citing *Hampton v. Dist. Court,* 199 Colo. 104, 106, 605 P.2d 54, 56 (Colo.1980)); *see also Marquez v. Dist. Court,* 200 Colo. 55, 58, 613 P.2d 1302, 1304 (Colo.1980). When viewed in isolation, this statement could be read to support the court of appeals' position that the violation of a defendant's statutory right to a speedy trial divests the trial court of subject matter jurisdiction to accept a guilty plea. Under this theory, McMurtry's guilty plea would not preclude an appellate court from hearing his statutory speedy trial claim because the issue of subject matter jurisdiction can be raised at any time. *See* Crim.P. 35(c)(2)(III); *see also* § 16–5–402(2)(a), C.R.S. (2005).

Closer analysis of the *Hampton* opinion reveals that our discussion and the use of the word "jurisdiction" in *Hampton* did not involve the issue of subject matter jurisdiction. Rather, we used the word "jurisdiction" in a section of the opinion which explained why this court was invoking its discretionary jurisdiction to entertain an original writ under C.A.R. 21. In that case, the trial court had exceeded its authority by improperly denying a defendant his statutory right to a speedy trial. The word "jurisdiction" as used in *Hampton* meant the trial court's authority or

lack thereof, and did not refer to the concept of subject matter jurisdiction. Thus, *Hampton* does not stand for the proposition that violation of a statutory speedy trial right divests the trial court of jurisdiction to accept a guilty plea. Supporting our reading of *Hampton*'s use of the word "jurisdiction" to mean that the trial court acted in excess of its authority are two lines of reasoning which support the conclusion that an improper denial of this statutory right does not involve subject matter jurisdiction. The first concerns the relationship between the constitutional speedy trial right and the statutory right. The second concerns this court's precedent construing provisions of the statutory speedy trial act and how this statutory right may be waived and the wording of the statute itself.

 Turning to the relationship between the statutory and the constitutional speedy trial rights, we note that by entering a guilty plea, a criminal defendant waives his constitutional right to a speedy trial. *People v. Schneider,* 25 P.3d 755, 759 (Colo.2001). In addition, a defendant may only raise the improper denial of his constitutional right to a speedy trial on appeal if he raised it first in the trial court. *See People v. Cagle,* 751 P.2d 614, 619 (Colo.1988) (holding that "this court will not consider constitutional issues raised for the first time on appeal").

This precedent supports the principle that improper denial of a constitutional speedy trial claim does not involve subject matter jurisdiction. The issue of subject matter jurisdiction can not be waived. *See Downing v. People,* 895 P.2d 1046, 1050 (Colo.1995). A defendant may challenge the subject matter jurisdiction of the court at any time, even for the first time in a post-conviction collateral attack on the judgment. *See* Crim.P. 35(c)(2)(III) (2005) (allowing post-conviction review when the court rendering judgment lacked subject matter jurisdiction); *see also* § 16–5–402(2)(a), C.R.S. (2005) (allowing an exception to the statutory time limits for collateral attacks on convictions for cases where the court entering judgment lacked subject matter jurisdiction). Because subject matter jurisdiction cannot be waived and can be raised at any time while the constitu-

tional right to a speedy trial can be waived and may not be raised on appeal if it was not raised in the trial court, it would be inconsistent to conclude that denial of the constitutional right to a speedy trial involves subject matter jurisdiction.

The purpose of the statutory right to a speedy trial is to secure and effectuate an accused's constitutional right to a speedy trial. *Rude v. People*, 44 Colo. 384, 387, 99 P. 317, 318 (Colo.1909). To accept the reasoning of the court of appeals that a denial of a statutory speedy trial claim survives a guilty plea because this issue is one of subject matter jurisdiction causes the anomalous result that a denial of a statutory speedy trial motion is appealable while a denial of a constitutional speedy trial motion under the same circumstances is not. A defendant would paradoxically enjoy greater rights under the statute than under the constitutional provisions the statute is meant to effectuate.

■ A similar illogical situation would result if the statutory right to a speedy trial were considered jurisdictional when both our precedent construing this statutory right and the statute itself provide for waiver of this right under a variety of circumstances and no words in the statute state that the right to a speedy trial involves the issue of subject matter jurisdiction. "Any express consent to the delay or other affirmative conduct by the defendant is treated as a waiver of the right to speedy trial." *People ex rel. Gallagher v. District Court*, 933 P.2d 583, 588 (Colo.1997) (internal citations omitted). Waiver can be explicit or "inferred from the behavior of the defendant." *Id.* A defendant waives his statutory speedy trial right by failing to move for dismissal before trial, and by not moving for dismissal before pleading guilty. Section 18–1–405(5), C.R.S. (2005); *Moody v. Corsentino*, 843 P.2d 1355, 1362 (Colo.1993). The statutory limit for bringing the accused to trial is automatically extended if a defendant fails to object to setting a trial date beyond the statutory time limit. § 18–1–405(5.1), C.R.S. (2005). Because subject matter jurisdiction can neither be waived nor created by consent of the parties, it would be inconsistent to conclude that denial of the statutory right to a speedy trial involves subject mat-

ter jurisdiction when the statute and our case law dictate numerous situations in which this right may be waived.

Thus, we hold that wrongful denial of a motion to dismiss for violation of the statutory speedy trial right does not divest the trial court of subject matter jurisdiction to accept a guilty plea. McMurtry, by pleading guilty, waived his right to claim the improper denial of his statutory right to a speedy trial. McMurtry's motion to dismiss is therefore not appealable under a subject matter jurisdiction theory.

■ Next we address McMurtry's second argument that his plea of guilty in this case permits his appeal because, unlike most guilty pleas, it was conditional.

### The Conditional Plea

■ The Federal Rules of Criminal Procedure allow a defendant to enter a conditional guilty plea. Fed.R.Crim.P. 11(a)(2) (2005). Through this procedure, a defendant may plead guilty on the condition that an appellate court will review a specified ruling of the trial court. *Id.* If the defendant prevails on appeal, he is permitted to withdraw his guilty plea. *Id.* The purpose of the conditional plea is to allow a defendant, certain to lose at trial due to admission of evidence he sought to suppress, to challenge the suppression without forcing the court to conduct a trial that essentially is a *fait accompli*. *U.S. ex rel. Rogers v. Warden of Attica State Prison*, 381 F.2d 209, 214 (2d Cir.1967).

Colorado does not have a rule analogous to the federal conditional plea rule. We have specifically disapproved of the conditional guilty plea in the context of a constitutional challenge to a statute. *See People v. Pharr*, 696 P.2d 235, 236 (Colo.1984). In that case we found no basis in "rule or statute" to allow a defendant to plead guilty while reserving his right to appeal the constitutionality of the statute. *Id.*

Although we have not ruled on the legitimacy of the practice of pleading guilty on condition of appeal of a suppression issue, the court of appeals recently opened the door to this practice when it heard a suppression issue that came to it pursuant to a condition-

al plea agreement. *People v. Bachofer*, 85 P.3d 615, 617 (Colo.App.2003). In *Bachofer*, that court agreed to hear the denial of a suppression motion, giving as its reason judicial economy, where the parties stipulated to the conditional plea of guilty.[5] While *Bachofer* has been cited in Colorado practice materials,[6] we have never explicitly endorsed this view.

Unlike *Bachofer*, here, neither the prosecution nor the trial court accepted McMurtry's guilty plea as a conditional guilty plea. Instead, the court indicated that appeals courts would have to decide the validity of conditional guilty pleas [7] and the prosecutor made no representations about the plea being conditional. The court then warned McMurtry that an appellate court may find that his plea agreement waived his right to appeal the decision not to dismiss the case. Confident that McMurtry understood his rights and the ramifications of his plea, the court accepted McMurtry's plea of guilty. While McMurtry's attorney did attempt to reserve his right to appeal the court's denial of his motion to dismiss, the court did not accept his plea as conditional and a conditional plea was not preserved in writing as required by the federal statute. Thus, even were we to accept the federal practice of allowing the use of conditional pleas, a conditional plea did not occur in this case.[8] We leave to another day the issue of whether the conditional plea is an acceptable practice in Colorado.

## Miscellaneous Issues

Because neither of McMurtry's theories of appeal survives his guilty plea, we do not reach McMurtry's argument that the delay in bringing his case to trial is chargeable to the People and that therefore the trial court wrongly denied his motion to dismiss.

We turn finally to McMurtry's argument that his constitutional right to a speedy trial was violated. Both the United States and the Colorado Constitutions recognize the right of a criminal defendant to a speedy trial. U.S. Const. amend. VI; Colo. Const. Art. II, § 16. The constitutional right to a speedy trial must be raised at the trial court for a higher court to consider it on appeal. *See American Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 340 n. 10 (Colo.2004).

While McMurtry referred to his constitutional right in the caption of his motion to dismiss, he did not argue any of the elements of this constitutional right in either his motion or at the hearing on the motion.[9] Instead, he argued only that his statutory right to a speedy trial was violated because he was forced to accept a trial date nearly nine months after his plea of not guilty. Thus, McMurtry essentially argued the issue of the violation of constitutional right to a speedy trial for the first time at the court of appeals. For this reason, we do not consider this issue on appeal.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the court of appeals but for reasons different from those relied upon by that court. We return this case to that court with directions to return it to the trial court

---

**5.** The court stated:
[I]n the interest of judicial economy, there is no justification for barring a stipulation whereby a defendant pleads guilty to a charge on the condition that he or she may nevertheless seek review of an adverse pretrial ruling that directly affects that charge.
*Bachofer*, 85 P.3d at 617.

**6.** *See, e.g.*, 15 Robert J. Dieter, *Colo. Prac., Criminal Practice & Procedure* § 15.44 (2nd ed.2004); 14 Robert J. Dieter, *Colo. Prac., Criminal Practice & Procedure* § 10.20 (2nd ed.2004).

**7.** The trial court stated "that's going to be up to the Supreme Court or the court of appeals, as to whether or not this plea waives his right to appeal. . . . I'm not going to make that decision."

**8.** We note further that no equitable issue exists compelling us to hear this case in spite of the lack of legal grounds.

**9.** This court has recognized a four-pronged balancing test to determine whether this constitutional right has been violated. This test balances the length of the delay, the reasons for the delay, the defendant's assertion of the right, and the prejudice to the defendant. *Moody v. Corsentino*, 843 P.2d 1355, 1363 (Colo.1993).

with directions to affirm McMurtry's plea of guilty.